370

556 A.2d 1377

**COMMONWEALTH of Pennsylvania**

v.

**Francis J. RYAN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1989.

Filed April 10, 1989.

Kyle A. Burch, Glen Mills, for appellant.

Andrew J. Bellwoar, Assistant District Attorney, Media, for Com., appellee.

Before CIRILLO, President Judge, and BECK and TAMILIA, JJ.

TAMILIA, Judge:

This is a timely appeal of judgment of sentence entered for a violation of 75 Pa.C.S. § 1543(b) for driving while operating privileges were suspended for a driving under the influence (DUI) related offense. Following a de novo review by the trial court of a district justice's finding of guilt, appellant was sentenced to pay a fine of $1,000 plus costs and to serve a term of imprisonment of ninety (90) days.

Appellant incurred certain driver license suspensions for a period, when totaled, extending beyond December 11, 1987, the date from which the instant conviction stemmed. Appellant was caught by police operating a motor vehicle on that date and there is no question that at the time he was stopped he was driving while his operating privileges were suspended and, thus, he was operating the motor vehicle illegally. The issue raised by appellant is whether he can be convicted of the crime with which he was charged, namely, operating a motor vehicle when his license was suspended due to a DUI related offense. Appellant first surrendered his driver's license on October 12, 1985 as a result of motor vehicle offenses unrelated to any DUI charges. Subsequently, on July 7, 1986, appellant was convicted of DUI pursuant to 75 Pa.C.S. § 3731, which resulted in a one-year suspension of his license pursuant to 75 Pa.C.S. § 1532(b)(3). Neither the record, parties' briefs, nor trial court's Opinion state what the exact prior offense was which resulted in the earlier license suspension on October 12, 1985, nor do they discuss or set forth the exact length of the prior license suspension or the date the suspension commenced. Although this omission is disturbing, it is not fatal, and does not require remand due to the record's clear indication this prior suspension when tacked onto the DUI suspension would encompass the date appel-

lant was stopped for the instant conviction, i.e. December 11, 1987. The record does indicate the Department of Transportation determined the DUI related suspension should begin on October 30, 1987.

Appellant argues he cannot be convicted under section 1543(b) because the one-year suspension for DUI took precedence in time over the earlier unexpired suspension and, therefore, commenced running on the date of conviction for the DUI offense, July 7, 1986. This would mean the one-year DUI suspension would have run prior to appellant's citation on December 11, 1987 for driving while operating privileges were suspended for a DUI related offense. Appellant would have the unexpired portion of the prior non-DUI related suspension recommence upon the end of the one-year DUI related suspension, on July 7, 1987. Because appellant was not cited by police until after July 7, 1987, the suspension in effect at that time under appellant's theory would not be related to a DUI suspension and could not result in a violation of 75 Pa.C.S. § 1543(b), with which appellant was charged. We find appellant's argument devoid of merit.

Under 75 Pa.C.S. § 1532(b)(3), the Department of Transportation is directed to "suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 [75 Pa.C.S. § 3731] (relating to driving under influence of alcohol or controlled substance)." This is a mandatory suspension and it is to become effective on a date set by the Department of Transportation as authorized by 75 Pa.C.S. § 1540(b), which provides: "[t]he suspension or revocation shall be effective upon a date determined by the department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first." In cases such as appellant's, when a person's record "shows an additional suspension of [their] operating privilege assessed during a period of suspension or revocation the department shall extend the existing period of suspension ... for the appropriate peri-

od" pursuant to 75 Pa.C.S. § 1544(b). For this reason, the department acted properly in extending appellant's existing license suspension period by twelve months from the date that appellant's current suspension ended. Therefore, appellant was properly convicted under 75 Pa.C.S. § 1543(b), since his violation occurred on December 11, 1987, within the twelve-month suspension period which began on October 30, 1987, as determined by the department.

There is nothing in the law which provides a license suspension can be suspended to allow for the running of another license suspension and recommenced after the other suspension has expired. License suspension for unrelated violations are not to be served concurrently but must be served consecutively. *Commonwealth v. Martin*, 102 Pa.Commw. 23, 517 A.2d 216 (1986). Accordingly, we affirm on this issue.

Next, in a two sentence boilerplate argument, without citation to case law, appellant claims his sentence is a cruel and unusual punishment in contravention to article I, section 13, of the Pennsylvania Constitution. Normally, this sentencing issue would be waived for failure to present it in a motion to modify sentence pursuant to Pa.R.Crim.P. 1410, however, because the issue raises the legality of the sentence imposed, it may be raised for the first time on appeal. *Commonwealth v. Wilson*, 312 Pa.Super. 77, 458 A.2d 244 (1983). Appellant's constitutional challenge to § 1543(b) is without merit. In *Commonwealth v. Hoover*, 343 Pa.Super. 372, 494 A.2d 1131 (1985), we upheld the constitutionality of section 1543(b) and specifically found the imposition of mandatory license suspensions did not constitute cruel and unusual punishment because such a penalty is neither disproportionate to the gravity of the offense nor repugnant to societal standards of justice.

We find appellant's remaining claim, concerning proof of appellant's actual notice of the suspension, is not preserved for failure to include it in post-trial motions, and point out the issue was never addressed by the court below. *Com-*

*monwealth v. Cardona,* 316 Pa.Super. 381, 463 A.2d 11 (1983); *see* Pa.R.Crim.P. 1123.

Judgment of sentence affirmed.