626 A.2d 181

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kenneth D. ROSENBERGER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1993.

Filed June 14, 1993.

38

James J. Panchik, Kittanning, for appellant.

Bradley K. Hellein, Asst. Dist. Atty., Kittanning, for Com., appellee.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

HUDOCK, Judge:

This is an appeal from the judgments of sentence imposed upon Appellant after he was convicted, in a *de novo* trial, of two counts of driving while under suspension, DUI-related.[1] Timely filed post-verdict motions were denied, and Appellant was sentenced to ninety days of incarceration and a $1,000 fine on each offense. These sentences were to run consecutively. A motion to modify sentence was denied as untimely, and a motion to reconsider that motion was denied. This direct appeal followed. We reverse.

1. 75 Pa.C.S. § 1543(b). While the *de novo* trial focused on a citation issued on April 14, 1991, it appears that a citation issued on July 17, 1990, was also before the court.

At issue in the present appeal is whether Appellant can be convicted of violating section 1543(b) when a DUI-related suspension has expired, but, due to subsequent non-DUI-related suspensions, Appellant's right to seek a license remained suspended. Under these circumstances, we find that section 1543(b) sanctions are unavailable.

The facts of this case are somewhat unique; while Appellant has a driving record containing a long list of violations, he has never been a licensed driver. Without discussing the entire driving record and violations, it is sufficient for present purposes to note that, due to a DUI conviction, Appellant's right to apply for a driver's license was suspended for one year, effective May 19, 1987, and ending May 19, 1988. Thereafter, Appellant did not seek to acquire a driver's license. In 1989, Appellant received two more citations for licensing violations. These citations resulted in the suspension of Appellant's right to apply for a driver's license for an additional one-and-one-half years, effective February 22, 1990. Thereafter, Appellant's right to apply for a driver's license was suspended for five years, under the habitual offender provision, 75 Pa.C.S. § 1542, effective August 22, 1991. On August 13, 1990, Appellant's right to apply for a driver's license was again suspended for an additional two years, pursuant to section 1542(e), effective August 22, 1996. Finally, and at issue in the present case, are the two citations issued for section 1543(b) violations.

At issue is the proper interpretation of section 1543 of the Vehicle Code. This section reads, in pertinent part:

**§ 1543. Driving while operating privilege is suspended or revoked**

(a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege *and before the operating privilege has been restored* is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

**(b) Certain offenses.**—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S. § 1543(a) & (b) (Emphasis added). The trial court read these two subsections together and found that the language emphasized above in subsection (a) applied equally to subsection (b). Thus, the trial court reasoned that, because Appellant's right to apply for a license has never been restored, the 1987 DUI-related suspension continues indefinitely. In support of this interpretation, the trial court cites *Commonwealth v. McCrosson*, 392 Pa.Super. 261, 572 A.2d 791 (1990), wherein a panel of this Court held that whether a non-DUI related suspension had expired was immaterial to a subsequent section 1543(a) conviction where the license had not yet been restored to the driver. The Commonwealth concurs with this reasoning.[2] Appellant counters that the

---

**2.** The Commonwealth urged this construction of section 1543 at trial. In a brief argument in its appellate brief, the Commonwealth asserts that, by statutory construction and analogy to *McCrosson, supra*, "it is clear the Lower Court did not err and the Lower Court's decision [should be] affirmed." Commonwealth Brief at p. 2.

In an equally brief and cursory argument, the Commonwealth claims that Appellant did not acknowledge his DUI-related suspension with PennDot, and, according to 75 Pa.C.S. § 1541, he has received no credit toward that suspension. Thus, argues the Commonwealth, he was properly convicted of Section 1543(b) violations. This assertion was not made by the Commonwealth in the trial court, Appellant did not have the opportunity to counter this claim by presenting evidence to the contrary, and the trial court did not have the benefit of this assertion when considering its verdict. Under these circumstances, we decline to address this claim by the Commonwealth. *See generally*, Pa.R.A.P. 302(a). Finally, the dissent's statement that the trial court relied on § 1541(a) in reaching its decision is unsupported by the record.

subsections are two distinct provisions, that only subsection (a) was amended to include the "before the operating privilege has been restored" language, and, therefore, because the DUI-related suspension had expired and Appellant was serving a non-DUI related suspension at the time he was issued the two citations in the instant case, he can only be given section 1543(a) sanctions. Upon review, we find the reasoning of the trial court to be in error and its reliance on *McCrosson* to be misplaced.

In *McCrosson*, McCrosson was the driver of an automobile that was involved in an accident on August 5, 1988. While the accident was being investigated by the state police, McCrosson, upon request, was unable to produce a driver's license. It was later discovered that her operating privileges had been revoked for a period of six months, effective May 19, 1987, and had not been restored. McCrosson was then cited for a violation of section 1543(a). After conviction in a trial *de novo*, McCrosson appealed claiming that, because her prior suspension had expired, she could not have committed the violation charged. In rejecting this argument, a panel of this Court stated that, although this claim would be a valid argument under a reading of the former section 1543(a), the statute had been amended prior to the issuance of her citation to make it an offense to operate a vehicle at any time prior to the restoration of the driver's operating privilege. Because there was no evidence that McCrosson's privileges had been restored, this Court affirmed the judgment of sentence.

While our decision in *McCrosson* is supported by a plain reading of section 1543(a), the language of that subsection has no application to a section 1543(b) violation. Because section 1543(b) is penal in nature, it must be strictly construed. *Commonwealth v. Taylor*, 390 Pa.Super. 571, 568 A.2d 1320 (1990) (citing *Commonwealth v. Darush*, 256 Pa.Super. 344, 389 A.2d 1156 (1978)). Thus, the trial court's conclusion, "the same language of § 1543(a) applies with equal force to the facts of this case[,]" is in error. Trial Court Memorandum, 11/7/91 at p. 3. While Appellant's right to seek a driver's license remains suspended, case law supports a conclusion that

Appellant is not subject to section 1543(b) penalties after the expiration of his DUI-related suspension. Thus, as Appellant was issued citations while his right to apply for a driver's license was suspended, non-DUI-related, he could only be convicted under section 1543(a).

In *Commonwealth v. Taylor, supra,* as a condition of his acceptance into an ARD program, Taylor's license was suspended for a period of three months, effective June 4, 1987. Because Taylor had previously been convicted for other Vehicle Code violations, his license was suspended for five years pursuant to section 1542(a) of the Vehicle Code, effective September 4, 1987. On March 12, 1988, Appellant was stopped and charged with a violation of section 1543(b). In finding that Taylor could not be convicted of a section 1543(b) violation, a panel of this Court reasoned:

A brief logical sketch of the relevant law and facts of this case indicates that [Taylor] was wrongly convicted of violating 75 Pa.C.S.A. § 1543(b). First, it is conceded by the trial court, and is also readily apparent, that [Taylor's] license was expressly suspended *as a condition of acceptance of ARD,* for violation of section 3731, the key phraseology under subsection (b), for a *period of three months* beginning on June 4, 1987.... [W]hen contemplated to some degree, it becomes equally clear that the suspension relevant to subsection (b) was for three months *only* and that the five year suspension handed [Taylor] was not a *condition of acceptance of the ARD* but merely a result of such acceptance, *(plus* the presence of two prior traffic convictions). Nothing in [Taylor's] ARD program was *conditioned* upon such a suspension. Rather the five year suspension was issued because [Taylor's] acceptance of ARD constituted a third traffic offense under the terms of the habitual offenders statute and was collateral to the ARD proceedings altogether.

It is further conceded that [Taylor] was not caught driving during the three months following June 4, 1987, the period which could reasonably be considered to be a suspension as a *condition of* acceptance of the ARD. Thus, it is

really rather elementary that [Taylor] was not caught driving while under suspension as *a condition of acceptance of ARD* and therefore falls outside of the provisions of 75 Pa.C.S.A. § 1543(b), although as he was caught driving while under suspension, within the provisions of 75 Pa. C.S.A. § 1543(a).

*Id.* 390 Pa.Super. at 574–75, 568 A.2d at 1321–22 (emphasis in original).

In the present case, because of a violation of section 3731, Appellant's right to apply for a driver's license was suspended for one year, effective May 19, 1987. Between this time and May 19, 1988, the date this suspension expired, Appellant was not stopped for driving while under suspension. Indeed, Appellant's driving record reveals that his next violation occurred on May 12, 1989, when he was cited under section 1501 (drivers must be licensed).[3] Thus, according to the rationale of *Taylor*, Appellant was only exposed to section 1543(b) penalties during this time period. The trial court attempts to distinguish *Taylor* by stating that Appellant was not given the DUI-related suspension as a condition of ARD. We find this to be a distinction without a difference. As stated in *Taylor*:

> All three of the suspensions listed in [section 1543(b) ] are directly tied to the violation of the DUI or DUI related offense in that they are penalties for the commission of the offense, or, alternatively, are handed down as part of a rehabilitative program.

*Commonwealth v. Taylor*, at 576, 568 A.2d at 1323. Because Appellant was stopped while he was under a non-DUI-related suspension, he cannot be convicted under section 1543(b).[4]

---

**3.** Appellant's driving record actually reflects a section 1543 violation occurring on November 6, 1989, and resulting in a conviction on December 11, 1989, and a suspension for one year. The previous section 1501 violation noted above occurred on May 12, 1989, but Appellant was not convicted until January 30, 1990.

**4.** We note that the present facts are different from those presented in *Commonwealth v. Nuno*, 385 Pa.Super. 6, 559 A.2d 949 (1989), wherein a panel of this Court held that a defendant is properly convicted of a section 1543(b) violation when his or her driving record reflects a DUI-related suspension that has not begun to run because an earlier non-

Judgments of sentence are vacated.[5]

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting.

I respectfully dissent. I believe the majority falls into error in determining that 75 Pa.C.S. § 1543(b)[1] does not apply because the trial court attempted to apply that section to a suspension unrelated to driving under the influence (DUI). That reasoning would certainly apply if the DUI suspension had been extinguished and the only effective suspensions were

DUI-related suspension had yet to expire. Our holding is consistent with the statement in *Nuno* that a defendant would be subject to the penalties of section 1543(b) until the end of the DUI-related suspension or revocation. *See also Commonwealth v. Ryan,* 383 Pa.Super. 370, 556. A.2d 1377 (1989) (there is nothing in the law which provides a license suspension can be suspended to allow for the running of another license suspension and then recommenced; unrelated license suspensions are to run consecutively).

In light of our disposition of Appellant's first issue, we need not address the remaining issue as to whether Appellant's previous counsel was ineffective for failing to timely file a motion to modify sentence. Even if we were to address this issue we would find it to be meritless. Contrary to the statement by the dissent, Appellant's convictions arose from two separate incidents rather than a single incident. *See,* footnote 1, *infra.* The trial court clearly acted within its discretion by imposing consecutive sentences for the two separate incidents.

5. We also note that, had Appellant been charged and convicted under section 1543(a), this would represent second or subsequent licensing violations, and Appellant could have been sentenced pursuant to 75 Pa.C.S. § 6503. Appellant can be sentenced under this section even though he was not charged with a Section 6503 violation. *Commonwealth v. Soboleski,* 421 Pa.Super. 311, 617 A.2d 1309 (1992). Pursuant to section 6503, Appellant could have been sentenced to pay a fine of not less than $200 nor more than $1,000, or imprisonment for no more than six months, or both.

1. 75 Pa.C.S. § 1543(b) provides:

(b) **Certain offenses.**—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

those unrelated to DUI. However, in dealing with an unlicensed driver, *who never acquires* a license and who initially received a suspension for DUI, it cannot be held that his DUI suspension was *ever* fulfilled or extinguished since he never applied for a driver's license nor sent an acknowledgement of suspension to the Department of Transportation. There is no indication in the record that appellant notified the department by acknowledgement of suspension or revocation as required by 75 Pa.C.S. § 1541, **Period of revocation or suspension of operating privileges:**

> **(a) Commencement of period.**—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 (relating to surrender of license). *No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department,* the court or the district attorney, as the case may be. *A nonresident licensed driver or an unlicensed driver shall submit an acknowledgment of suspension or revocation to the department in lieu of a driver's license.*

*Id.,* § 1541(a) (emphasis added). As to the date the suspension for DUI became effective, 75 Pa.C.S. § 1540, **Surrender of license,** provides:

> **(a) Conviction of offense.**—Upon a conviction by a court of competent jurisdiction for any offense which calls for mandatory suspension in accordance with section 1532 (relating to revocation or suspension of operating privilege), the court or the district attorney shall require the surrender of any driver's license then held by the defendant and shall forward the driver's license together with a record of the conviction to the department. *The suspension or revocation shall be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or district attorney, whichever shall first occur.*

*Id.,* § 1540(a) (emphasis added).

Following the legislative rationale behind these statutes, it becomes evident that an unlicensed driver who is convicted

begins revocation status upon a date determined by the court or upon surrender of the license to the court or district attorney, whichever comes first. Since there was no license to surrender in this case, the date of conviction on the DUI case, which was May 19, 1987, is the date the suspension began.

However, while the date of commencement of revocation is determined in accordance with section 1540, it must be measured against the provisions in section 1541 to determine its expiration date. Since no credit is earned toward the suspension period until acknowledgement of suspension is submitted to the department, the DUI suspension continues until those requirements are fulfilled. The subsequent offenses do not have any bearing on the continuance of the DUI suspension. Under this rationale, the trial court was correct in determining that despite the lapse of time which should have exhausted the period of DUI suspension, that period was never tolled because of failure of appellant to comply with section 1541(a). The court was correct in applying section 1543(a) to the non-DUI violations and section 1543(b) to violations while under suspension for DUI. Any other interpretation of this section would render meaningless the provisions of section 1541. It is absolutely clear that the legislature intended non-licensed drivers to submit as fully to the control of the department as is required by licensed drivers by submitting an acknowledgement of suspension in lieu of surrendering a driver's license. The penalty for failure to do so is to extend the suspension period until submission to the department's control has been accomplished. The legislative scheme is designed mindful of the multitude of drivers on our highways and the need to have a simple but precise manner of determining the status of all drivers, licensed or unlicensed, who have committed a violation resulting in suspension, placing the responsibility on the driver to assure that the information is provided to the department. The majority asserts *Commonwealth v. Taylor*, 390 Pa.Super. 571, 568 A.2d 1320 (1990), is controlling as it holds a sentence of five years suspension may not be attributed to a DUI offense when the DUI portion of the offense had been extinguished. *Taylor* is *not* controlling because the DUI

penalty assessed was for ARD to be served in a period of three months. Upon completion of three months ARD, the DUI aspect of the sentence was completed where the additional five-year suspension was assessed in accordance with the habitual offenders statute. Here, in light of the discussion above, the record is clear that the DUI suspension had never been fulfilled or extinguished, hence the application of section 1543(b).

I agree with the majority that *Commonwealth v. McCrosson*, 392 Pa.Super. 261, 572 A.2d 791 (1990), is not precisely on point, although it can be deduced from the holding in that case that no section of the Motor Vehicle Code may be ignored in ascertaining the legislative scheme to control the licensing and use of automobiles.

As to the claim of ineffectiveness for failing to raise the issue of consecutive sentences, this is a non-issue. While the offense was a single offense, under the Vehicle Code it resulted in two violations, each with a penalty. This follows without question as driving without a license is a separate offense from driving while under suspension. Failure to punish both gives the wrongdoer a free ride under one or the other. Whether the sentences should be imposed concurrently or consecutively is purely within the discretion of the trial judge. *Commonwealth v. Wienckowski*, 371 Pa.Super. 153, 537 A.2d 866 (1988).

For the above reasons, I would affirm the Orders and judgments of sentence of the trial court.