**Commonwealth v. Arroyo**

*David Wingert, assistant district attorney,* for the Commonwealth.

*Charles A. Ritchie Jr.,* for defendant.

WALTER, *P.J.,* September 28, 1993—Before the court are post-verdict motions filed by John Arroyo,

defendant. The motions were listed for argument and submitted on briefs; they are now ripe for disposition.

The facts of this case may be summarized as follows. On July 23, 1991 at approximately 1:10 a.m., Patrolman William Harris of the Lebanon City Police was called to investigage a one vehicle motorcycle accident in the area of North 10th Street and Maple Street in the City of Lebanon, Pennsylvania.

Upon arrival Patrolman Harris found defendant lying upon the sidewalk with his motorcycle atop his leg. Defendant was being attended by emergency medical personnel. Patrolman Harris detected the odor of alcohol. Defendant's helmet bore marks indicating contact with a concrete barrier adjacent to the sidewalk.

Defendant was taken to Good Samaritan Hospital for treatment. While there, blood was drawn for an alcohol content analysis. The analysis revealed a blood serum alcohol level of .201.[1]

As a result of this incident, defendant was charged with two counts of driving under the influence of alcohol (DUI)[2] and four summary offenses: 1) driving while operating privilege is suspended (DUI-related);[3] drivers required to be licensed;[4] unauthorized transfer or use of registration;[5] and operation of a vehicle without official certificate of inspection.[6]

---

1. For purposes of trial, the parties stipulated that this level of serum alcohol would translate into a whole blood content level of .16.
2. 75 Pa.C.S. §3731(a)(1) and (a)(4).
3. 75 Pa.C.S. §1543(b).
4. 75 Pa.C.S. §1501(a).
5. 75 Pa.C.S. §1372(a).
6. 5 Pa.C.S. §4703(a).

At trial, held May 5, 1992, the jury convicted defendant on both DUI counts, and the court found defendant guilty on each of the summary counts.

Defendant timely filed post-verdict motions alleging four errors. Defendant subsequently withdrew one allegation of error and briefed only two of the remaining allegations. Allegations of error not briefed are waived.

Before evaluating defendant's assertions of error, we set forth our standard of review for evaluating post-verdict motions.

"The proper procedure to challenge the sufficiency of the evidence is by a post-verdict motion in arrest of judgment.... In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt.... The credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact; the fact finder is free to believe all, some, or none of the evidence. (citations omitted)

"A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict, but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge...." (citations omitted) *Commonwealth v. Taylor,* 324 Pa. Super. 420, 424-425, 471 A.2d 1228, 1229-1230 (1984).

Defendant's first assertion of error involves his conviction on the summary offense of driving while operating privilege is suspended or revoked (DUI-related),

75 Pa.C.S.§1543(b). Defendant seeks an arrest of judgment on that charge, alleging insufficient evidence was presented to sustain a guilty verdict. The gravamen of defendant's argument is that although he was operating the motorcycle while his license was suspended, that suspension is not DUI-related; therefore, he could not have violated section 1543(b).[7]

Defendant relies upon *Commonwealth v. Rosenberger,* 426 Pa. Super. 37, 626 A.2d 181 (1993) in support of his position. In that case, the Superior Court vacated a trial court conviction of a driver who was operating a vehicle during a non-DUI-related suspension imposed after expiration of a DUI-related suspension.

In *Rosenberger,* the driver never had a driving license. His suspension from the privilege of applying for a driving license because of the DUI-related incident expired approximately one year prior to the imposition of the next, non-DUI-related suspension. That non-DUI-related suspension was in effect at the time the driver was apprehended.

The Commonwealth asserts that because the original suspension of defendant's driving license was DUI-related, and because his license was never restored after the imposition of the original suspension, he has violated

---

7. The text of section 1543(b) reads:

"(b) Certain offenses.—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operation privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1000 and undergo imprisonment for a period of not less than 90 days." 75 Pa.C.S. §1543(b) (Purdon Supp. 1993).

section 1543(b), the Commonwealth relies upon *Commonwealth v. Nuno,* 385 Pa. Super. 6, 559 A.2d 949 (1989) in support of its position.

In *Nuno,* the driver's license was initially suspended for a non-DUI-related violation for a period of five years. During that five year suspension, the driver committed a DUI-related violation, for which his license was suspended for an additional period of time. When the driver committed a subsequent violation before the expiration of the original non-DUI-related suspension and before the DUI-related suspension had begun, the Superior Court concluded that the driver could still be convicted under section 1543(b).

The instant factual situation is distinguishable from both *Rosenberger* and *Nuno.* The driving record of defendant, certified by the Pennsylvania Department of Transportation and admitted as exhibit 2 at trial, indicates defendant's license was suspended for DUI for a six month period beginning August 20, 1979. Before Defendant completed that six month suspension, he committed other, non-DUI-related violations which resulted in additional suspensions, tacked successively to the original DUI suspension. Those successive suspensions continued through the date of the accident, July 23, 1991, and forward until the year 2011. In other words, defendant's driving license has been in a state of continuous suspension since its original, DUI-related suspension in August 1979.

Pursuant to *Rosenberger,* a driver cannot be guilty of a violation of section 1543(b) if the DUI-related suspension period has expired and there was a break in the period between expiration of the DUI-related suspension and the imposition of a non-DUI-related suspension. Pursuant to *Nuno,* a driver can be convicted under section1543(b) if driving under a non-DUI-related

suspension while a future DUI-related suspension is pending. Here, defendant has been driving under non-DUI-related suspensions which were imposed consecutive to his DUI-related suspension, with no break in time between the suspensions.

Neither *Rosenberger* nor *Nuno* address the instant situation. A search of the common law failed to provide any cases on point.

However, *Commonwealth v. Heckman,* 404 Pa. Super. 335, 590 A.2d 1261 (1991), support defendant's position:

"[A] driver still cannot be convicted of driving under suspension, DUI-related, once the actual time period of the DUI-related suspension has expired." *Id.* at 342, 590 A.2d at 1265.

Similarly, the holding in *Commonwealth v. Nuno, supra,* the case upon which the Commonwealth relies, would tend to support defendant's position. The Superior Court stated:

"[w]e hold that when a person receives notice that their operating privilege is or will be suspended or revoked for a DUI-related offense, that person is subject to the penalties of section 1543(b). That person will be subject to the penalties of section 1543(b) throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their DUI-related suspension or revocation." *Id.* at 9, 559 A.2d at 951.

The Superior Court's holding limits exposure to section 1543(b) to DUI-related suspensions that become effective at a future date. It says nothing of a relation-back of a current non-DUI-related suspension imposed consecutively to a prior, but now expired, DUI-related suspension.

*Commonwealth v. Taylor,* 390 Pa. Super. 571, 568 A.2d 1320 (1990) also tends to support defendant's assertion. In that case, the Superior Court held that a driver whose license was suspended for three months as a result of a DUI-related violation, followed by a five year suspension as a condition for entry in accelerated rehabilitative disposition (ARD), could not be guilty of violating of section 1543(b) for a violation which occurred after the expiration of the three month DUI-related suspension but during the consecutive five year suspension.

Finally, the plain language of the holding in *Rosenberger, supra,* clearly supports defendant's position:

"Because [defendant] was stopped while he was under a non-DUI-related suspension, he cannot be convicted under section 1543(b)." *Id.* at 43, 626 A.2d at 185.

Based on the foregoing, we conclude section 1543(b) is inapplicable to situations in which a prior DUI-related suspension has been served and in which there are no future, unexpired DUI violations to be served. We further conclude there to be no relation-back to a completed DUI-related suspension when a violation occurs during a non-DUI-related suspension, even in situations where such non-DUI-related suspensions are consecutive to the expired DUI-related suspension.

Because we so conclude, we find defendant's actions related to the July 23, 1991 accident are not within the scope of section 1543(b).[8] We shall, therefore, grant his motion in arrest of judgment on that charge.

---

8. We note defendant's actions clearly and unambiguously constitute a violation of section 1543(a). However, since he was not charged with a violation of that section, we have no basis for adjudication.

Defendant's remaining post-verdict motion seeks a new trial on grounds "that the jury verdict was against the weight of the evidence in that the blood-alcohol evidence was gathered after defendant had received medication."

At trial, the duty nurse from the Emergency Room at Good Samaritan Hospital testified that because of defendant's combative behavior during treatment, he was given medication to sedate him. (N.T. at 37.) The duty nurse further testified that she believed the blood sample was taken prior to the sedation. (N.T. at 49.) The medical technologist who performed the analysis of defendant's blood alcohol content testified the test she utilized was specific for alcohol, and that other medication should not effect the test results. (N.T. at 65.) On cross-examination, the medical technician did acknowledge that if a medication contained alcohol, the test would register that. (N.T. at 67-68.)

We shall deny defendant's motion for a new trial. We do so because we find it reasonable for a jury to believe, based on the weight of the evidence presented, that defendant was under the influence of alcohol at the time of the accident.

Patrolman Harris and the Emergency Room duty nurse both testified they detected the odor of alcohol. The analysis of the blood taken from defendant less than two hours after the accident indicated a whole blood alcohol content of .16. The duty nurse believed the blood was taken before defendant was sedated. (Even, if the blood sample had been taken after sedation, there was no evidence that the sedative given contained alcohol.) The duty nurse also testified that from her lifetime experience, she believed defendant to be under the influence of alcohol.

## ORDER

And now, September 28, 1993, for the reasons set forth in the accompanying opinion, the post-verdict motion in arrest of judgment of John Arroyo, defendant, on the charge of driving while operating privilege is suspended (DUI-related), 75 Pa.C.S. §1543(b), is granted. The post verdict motion for a new trial on the issue of defendant's blood alcohol content is respectfully denied.

Defendant is directed to appear for sentencing on Wednesday, November 17, 1993 in courtroom no. 1 of the Lebanon County Municipal Building, 400 South Eighth Street, Lebanon, Pennsylvania. Meanwhile, defendant shall cooperate with the Lebanon County Adult Probation Office in the preparation of a pre-sentence report.