665 A.2d 495

**COMMONWEALTH of Pennsylvania**

v.

**Robert Paul KEENE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1995.

Filed Sept. 15, 1995.

David Crowley, Public Defender, Bellefonte, for appellant.

J. Karen Arnold, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

Before TAMILIA, HUDOCK and FORD ELLIOTT, JJ.

TAMILIA, Judge:

Robert Keene appeals the mandatory minimum sentence of ninety (90) days' imprisonment and a $1,000 fine imposed following his conviction of driving while operating privilege is suspended or revoked, driving under the influence related, 75 Pa.C.S. § 1543(b). We affirm.[1]

Appellant's abysmal driving record preceding the incident at issue is as follows. On November 18, 1983, appellant was arrested for DUI and received a one-year suspension effective January 1, 1984 for refusing to submit to chemical testing. In addition to a 30–day license suspension imposed following conviction of the offense (effective April 10, 1985), Keene was accepted into the Accelerated Rehabilitative Disposition (ARD) program. He next was arrested for DUI on May 3, 1987 and again he refused chemical testing thereby incurring a one-year suspension for the refusal, effective May 20, 1987, and an additional year for the conviction, effective May 20, 1988. His third arrest for DUI was effectuated on March 18, 1988 and again he was convicted of the offense. Because it

---

1. This case was originally appealed to this Court in 1993. At that time, we found appellant had not been advised of his right to file post-verdict motions and accordingly were constrained to remand. *Commonwealth v. Keene,* 433 Pa.Super. 610, 636 A.2d 1212 (1993) (unpublished memorandum). This appeal followed the filing and denial of the motions.

was his third major violation within a five-year period, Keene was subject by PennDOT to a five-year license revocation under the habitual offenders provision of the Vehicle Code. Said suspension would run from May 20, 1989 through May 20, 1994. It was this suspension under which Keene was operating his mini-bike on May 18, 1991, when he was charged and subsequently convicted of driving under suspension/DUI related.

Now on appeal from the judgment of sentence which followed, Keene raises one issue for our consideration:

> Whether there was sufficient evidence to convict for the offense of driving under suspension—D.U.I. related where the driving under the influence suspension period has expired and at the time of the arrest the driver is under suspension as an habitual offender?

(Appellant's brief, p. 5.) He argues he was sentenced improperly under section 1543, which provides in relevant part:

> § 1543. Driving while operating privilege is suspended or revoked
>
> (a) Offense defined.—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.
>
> (b) Certain offenses.—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitation Disposition for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

Keene contends a license suspension under the habitual offenders provisions of the Vehicle Code is not a DUI-related suspension and therefore claims that since his five-year suspension was under section 1542 as a habitual offender, he could not be sentenced under section 1543(b) because that section is applicable only to DUI-related suspensions and revocations.

Appellant relies upon *Commonwealth v. Taylor,* 390 Pa.Super. 571, 568 A.2d 1320 (1990). In *Taylor,* only appellant's third Vehicle Code violation was DUI-related while his first two were non-DUI offenses. After his DUI-related offense, he entered an ARD–DUI program which required his license to be suspended for three months. Additionally, consecutive to this three-month suspension term, appellant's license was set to be revoked for five years under the habitual offenders provisions. Although appellant completed the three-month ARD suspension term without incident, he was arrested for driving while the five-year revocation period was in effect. The trial court sentenced him under section 1543(b) upon the premise that he had violated the conditions of the ARD–DUI program; Taylor appealed.

This Court reversed and remanded upon finding that Taylor could not be sentenced under section 1543(b) since his ARD–DUI suspension period had already expired at the time of the arrested.

[Appellant's] suspension relevant to subsection [1543](b) [for ARD–DUI] was for three months *only* and that the five year suspension [for habitual offenders] handed appellant was not a *condition of acceptance of the ARD* but merely a result of such acceptance, (*plus* the presence of two prior traffic convictions).

. . . . .

Thus, it is really rather elementary that appellant was not caught driving while under suspension as a *condition of acceptance of ARD* and therefore falls outside of [§ 1543(b) ] . . . .

*Id.* at 574–75, 568 A.2d at 1322 (emphasis in original). We therefore found section 1543(b) was not applicable to appellant Taylor.

We find the case *sub judice* distinguishable. Unlike Taylor, Keene's Vehicle Code violations within the last eleven years have all been DUI-related offenses; further, Keene was not involved in a three-month suspension under an ARD–DUI program for his most recent DUI conviction. Instead, Keene's accumulated convictions for three DUI offenses resulted in a five-year suspension as a habitual offender under section 1542. Thus, we find without merit the argument that the five-year suspension being served by Keene, although caused by DUI violations, was not related thereto as defined in section 1543(b) in that that section requires a defendant to "receive notice he is under a Driving Under the Influence related suspension at the time he is caught driving." (Appellant's brief at 9.) We find appellant's three consecutive violations of section 3731 for driving under the influence of alcohol, and his driving while the resulting five-year revocation was in effect, required the court to sentence him under section 1543(b). The relevant text of section 1543(b) states:

> (b) Any person who drives a motor vehicle on any highway ... *at a time when their operating privilege is suspended or revoked ... because of a violation of section 3731* ... shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(Emphasis added.) Further, as we can assume appellant believes he should have been sentenced under section 1543(a), resulting only in a $200 fine, we find this theory would produce an anomalous result that the legislature certainly did not intend. As we stated in *Taylor,* "[t]he purpose of the distinctions between subsections (a) and (b) in 75 Pa.C.S.A. § 1543 is to treat people caught driving while under suspension for a DUI or DUI related offense more severely than those caught driving under a more general suspension." *Id.* at 570, 568 A.2d at 1323. A sentence for appellant under section 1543(a) would unjustly ignore the fact that his license

was revoked as a direct result of acquiring three consecutive DUI convictions within a period of less than two years.

Our analysis of section 1543(b) is furthered by *Commonwealth v. Nuno,* 385 Pa.Super. 6, 559 A.2d 949 (1989). Appellant Nuno was convicted of his first DUI offense before the commencement of an already scheduled five-year revocation period for non-DUI related habitual offenses. The suspension for this first DUI conviction was set to begin after the expiration of the five-year revocation period. In the midst of the five-year suspension, Nuno was convicted of a second DUI-related offense and the court sentenced him under section 1543(b).

On appeal, Nuno argued his second DUI offense could not be the basis for a section 1543(b) violation, driving while a license was revoked for DUI-related offense, because his license revocation at that time was only for the non-DUI offenses. He further argued that he could not violate section 1543(b) until the expiration of the five-year revocation term and the commencement of the consecutive one-year suspension for his first DUI offense. We rejected this argument by stating:

> We hold that when a person receives notice that their operating privilege is or will be suspended or revoked for a D.U.I. related offense, that person is subject to the penalties of § 1543(b). *That person will be subject to the penalties of § 1543(b) throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their D.U.I. related suspension or revocation.*

*Id.* at 9, 559 A.2d at 951 (emphasis added). In the case *sub judice,* we similarly find that appellant was properly sentenced under section 1543(b) since he unlawfully operated a vehicle with a license that had been revoked for habitual DUI-related offenses.

Moreover, our legislature has taken the steps necessary to avoid situations such as this one from occurring in the future. Effective September 12, 1995, section 1543(b) has been amended to provide as follows:

**(b) Certain offenses.—**

(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(2) this subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). This provision shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3731.

In keeping with the above analysis of the statutory and case law as it applies to the facts of this case, we affirm the judgment of sentence imposed by the trial court.

Judgment of sentence affirmed.

FORD ELLIOTT, J., files a dissenting opinion.

FORD ELLIOTT, Judge, dissenting:

Under the facts and circumstances of this case, I, like the majority, believe Keene's driving record warrants the penalties imposed by 75 Pa.C.S.A. 1543(b). However, I am precluded from joining the majority opinion as I believe it conflicts with *Commonwealth v. Taylor,* 390 Pa.Super. 571, 568 A.2d 1320 (1990). Further, because my reading of *Taylor* and its predecessor *Commonwealth v. Nuno,* 385 Pa.Super. 6, 559 A.2d 949 (1989), leads me to conclude that they, too, are in

conflict, I am constrained to disagree with the majority and therefore respectfully dissent.

I reiterate the relevant facts in this case. On November 18, 1983, Keene received a one-year suspension, effective January 31, 1984, for refusing to submit to chemical testing, a violation of 75 Pa.C.S.A. § 1547. Thereafter, Keene was found guilty of violating 75 Pa.C.S.A. § 3731, DUI, for the November 18, 1983 incident. He accepted Accelerated Rehabilitative Disposition (ARD) and received a thirty-day suspension, effective April 10, 1985. On May 3, 1987, Keene again refused chemical testing, incurring a one-year suspension, effective May 20, 1987. His DUI conviction for the incident resulted in a one-year suspension, effective May 20, 1988. Keene was arrested a third time for DUI on March 18, 1988, and was subsequently convicted. Because this represented his third major violation within a five-year period, Keene received a five-year license revocation pursuant to 75 Pa.C.S.A. § 1542, effective May 20, 1989. On May 18, 1991, the police charged Keene with operating a vehicle while under a DUI-related revocation, a violation of 75 Pa.C.S.A. § 1543(b). The trial court entered a finding of guilty, sentencing Keene to 90 days in prison and fining him $1,000.

On appeal, Keene raised one issue.

Whether there was sufficient evidence to convict for the offense of driving under suspension—D.U.I. related where the driving under the influence suspension period has expired and at the time of arrest the driver is under suspension as an habitual offender?

Initially, I will set forth the provisions of 75 Pa.C.S.A. § 1543 and then address the two leading cases which have dealt with the application of this statute. 75 Pa.C.S.A. § 1543 provides in pertinent part:

(a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been re-

stored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(b) **Certain offenses.**—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked *as a condition of acceptance of Accelerated Rehabilitative Disposition* for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) *or because of a violation of* section *1547(b)(1)* (relating to suspension for refusal) *or 3731 shall,* upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S.A. § 1543 (emphasis added).

In *Commonwealth v. Nuno,* 385 Pa.Super. 6, 559 A.2d 949 (1989), a panel of this court addressed the issue of whether a licensee was subject to the harsher penalties contained in § 1543(b), where the license suspension for the DUI-related offense had yet to take effect. In that case, upon receiving notice of Nuno's third major conviction, none of which was DUI related, the Department of Transportation (Department) informed him that as a result of his habitual offender status, his privileges would be revoked for five years pursuant to 75 Pa.C.S.A. § 1542, effective December 12, 1984. On August 25, 1984, Nuno was charged with DUI and refused to submit to chemical testing. As such, the Department sent him a notice informing him that effective January 12, 1990, his operating privileges would be suspended for one year. Nuno was found guilty of the August 25, 1984, DUI offense and received notice that his privileges would be revoked for two years effective January 12, 1991. On August 8, 1987, Nuno was stopped and charged with numerous offenses including driving while under suspension, DUI related, and sentenced to ninety days in jail pursuant to § 1543(b).

Nuno conceded that on August 8, 1987, his operating privileges were revoked. However, he argued that because the five-year revocation was due to his habitual offender status, which was non-DUI related, he was not subject to § 1543(b).

He argued that he could not violate § 1543(b) until January 12, 1990, when his DUI-related suspension and revocation commenced. This court refused to accept Nuno's argument because to do so "would allow him to escape punishment for driving while suspended, D.U.I. related, simply because he has incurred prior suspensions and revocations that must run before his D.U.I. suspension and revocation even begin." *Id.* at 9, 559 A.2d at 950–951. This court went on to state:

> We hold that when a person receives notice that their operating privilege is or will be suspended or revoked for a D.U.I. related offense, that person is subject to the penalties of § 1543(b). That person will be subject to the penalties of § 1543(b) throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their D.U.I. related suspension or revocation.

*Id.* at 9, 559 A.2d at 951.

Subsequent to *Nuno,* a panel of this court decided *Commonwealth v. Taylor,* 390 Pa.Super. 571, 568 A.2d 1320 (1990). In *Taylor,* as a condition of acceptance into an ARD program, the trial court, pursuant to 75 Pa.C.S.A. § 3731(e)(6)(ii), imposed a three-month suspension upon the licensee. The effective date of the suspension was June 4, 1987. Because this represented Taylor's third major violation, the Department, in accordance with 75 Pa.C.S.A. § 1542, revoked Taylor's privileges for five years effective September 4, 1987. Thereafter, Taylor was arrested on March 12, 1988, and charged with violating 75 Pa.C.S.A. § 1543(b).

A panel of this court determined that at the time of his arrest, Taylor was not under a DUI-related suspension or revocation. The court reasoned that § 1543(b) prohibited driving while under suspension "as a condition of" ARD. Thus, "the suspension relevant to subsection (b) was for three months only and ... the five year suspension handed appellant was not a condition of the ARD but merely a result of such acceptance,...." *Id.* at 574, 568 A.2d at 1322 (emphasis deleted). The court went on to explain that the five-year revocation was imposed because Taylor had three major convictions. Under § 1542, a person who accumulates three

major convictions, within a five year period is considered a habitual offender. Convictions subject to § 1542 include:

**(b) Offenses enumerated.**—....

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

(2) Operation following suspension of registration as defined in 1371 (relating to operation following suspension of registration).

(3) Making use of or operating any vehicle without the knowledge or consent of the owner or custodian thereof.

(4) Utilizing a vehicle in the unlawful transportation or unlawful sale of alcohol or any controlled substance.

(5) Any felony in the commission of which a court determines that a vehicle was essentially involved.

**(c) Accelerative Rehabilitative Disposition as an offense.**—Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section.

75 Pa.C.S.A. § 1542(b) and (c) (footnote omitted).

Thus, the court decided that Taylor's revocation was imposed for being a habitual offender, the penalty for which is the same regardless of whether any of the underlying offenses are DUI related:

*The suspension under 75 Pa.C.S.A. § 1542 results because the offender is considered habitual,* as evidenced by the commission of three offenses, *not because he or she has been convicted of a DUI offense.* It is immaterial to that specific section whether or not one or more of the offenses happens to be a DUI offense.... In determining who is a habitual offender, the DUI offense is treated no differently than the other enumerated offenses and if it happens that one or more of the offenses underlying a habitual offender suspension is a DUI offense, the suspension given does not vary. This is so simply because the focus in such a scenario, is not

upon the DUI conviction, but upon a habitual offending of the vehicle code.

*Id.* at 577, 568 A.2d at 1323 (emphasis added).

In other words, although in *Taylor* the third major violation which triggered the habitual offender five-year revocation was DUI related, it did not render the five-year revocation DUI related. The court reasoned that disparate treatment would result depending on whether a DUI offense was the first, second, or third violation leading to habitual offender status. For example, if the first and second violations are non-DUI related but the third violation, which triggers habitual offender status, is DUI related, the offender is arguably subject to (b) for the entire five years. However, if the first and second violations are DUI related but the third violation which triggers habitual offender status is non-DUI related, then arguably no part of the ensuing five-year revocation is subject to (b).[1]

*Nuno* and *Taylor* illustrate the problem associated with applying § 1543(b) to licensee's who have attained habitual offender status via DUI-related offenses. I recognize that both cases produced conflicting results. However, because § 1543(b) is penal in nature, it must be strictly construed and, as such, I am constrained to follow the reasoning set forth in *Taylor*.

1. Recently, this court decided *Commonwealth v. Rosenberger*, 426 Pa.Super. 37, 626 A.2d 181 (1993), which relied on *Taylor, supra*. In that case, a driver's right to apply for a license was suspended for one year because of a section 3731 conviction. After the expiration of that suspension, the driver, while under a five-year revocation as a habitual offender, was charged with violating section 1543(b). A panel of this court following *Taylor*, held that after completion of a DUI-related suspension (licensee's first offense leading to habitual offender status), a driver, although now operating under a non-DUI-related revocation (five-year revocation as a habitual offender), cannot be convicted under section 1543(b). In *Rosenberger*, the first underlying offense leading to habitual offender status was DUI related for which the suspension had expired before the five-year revocation commenced. Thus, the *Rosenberger* court distinguished Nuno, because in that case the DUI-related offense was the last obtained by the licensee and had not yet commenced.

I recognize that in this case all three of appellant's offenses leading to his habitual offender status are DUI related. Upon receiving notification of Keene's latest § 3731 conviction, the Vehicle Code imposed a duty upon the Department to implement a suspension. Namely, 75 Pa.C.S.A. § 1532(b)(3) provides:

> (3) The department *shall* suspend the operating privilege of any driver for 12 months *upon receiving a certified record of the driver's conviction* of section *3731* (relating to driving under influence of alcohol or controlled substance) . . .

(Emphasis added.) However, once a licensee accumulates three major convictions within five years, the period of suspension or revocation is enhanced in accordance with the provisions set forth in the habitual offender statute, 75 Pa. C.S.A. § 1542, which provides in pertinent part:

> **(a) General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions . . .
>
> . . . .
>
> **(d) Period of revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section *shall* be revoked by the department for a period of five years.

(Emphasis added.)

Accordingly, Keene's third DUI on March 18, 1988, triggered the enhanced five-year revocation, under § 1542, *rather than* the one-year suspension provided for in § 1532(b)(3). As such, when Keene was arrested on May 18, 1991, he was driving while under a five-year revocation which resulted from his habitual offender status. The underlying offenses leading to habitual offender status are irrelevant. Under the reasoning of *Taylor*, Keene was operating his vehicle while under a

five-year habitual offender revocation. He was not operating a vehicle while under a DUI-related suspension or revocation, which is the prohibited conduct of 75 Pa.C.S.A. § 1543(b).

As this court stated in *Taylor, supra*, "[t]he purpose of the distinctions between subsections (a) and (b) in 75 Pa.C.S.A. § 1543 is to treat people caught driving while under suspension for a DUI or DUI-related offense more severely than those caught driving under a more general suspension." *Id.* at 577, 568 A.2d at 1323. Unfortunately, as set forth in *Taylor*, because § 1542 does not differentiate between habitual offenders who have reached that status because of one or more underlying DUI convictions, and those habitual offenders who have no underlying DUI-related convictions, I disagree with the majority that Keene is subject to the harsher penalties of § 1543(b).

I readily admit to the fact that this reading of § 1542 and § 1543 produces an absurd result in this case. That is, at no time during Keene's five-year revocation would he be subject to § 1543(b), even though all three violations leading to his § 1542 revocation were DUI offenses. Recently, the legislature has taken appropriate action to remedy this very situation. Namely, 75 Pa.C.S.A. § 1543(b) amended December 12, 1994, effective in nine months, provides:

**(b) Certain offenses.—**

(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(2) This subsection shall apply to any person against whom one of these suspensions has been imposed whether the

person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). This provision shall also apply until the person has had the operating privilege restored. *This subsection shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3731.*

(Emphasis added.)

However, our decision today must be governed by the current version of 75 Pa.C.S.A. § 1543(b) and this court's decision in *Taylor.* Constrained by these precedents, I would vacate the order of the trial court and dismiss the charges against appellant.