559 A.2d 949

**COMMONWEALTH of Pennsylvania**

v.

**Phillip NUNO, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1989.

Filed June 12, 1989.

Glenn M. Goodge, Assistant Public Defender, Bethlehem, for appellant.

Donald B. Corriere, District Attorney, Bethlehem, for Com.

Before DEL SOLE, BECK and MONTGOMERY, JJ.

DEL SOLE, Judge:

Phillip Nuno, Appellant, was found guilty of Driving While Operating Privilege is Suspended or Revoked—Driving Under the Influence Related (75 Pa.C.S.A. § 1543(b)). He appeals from the order of the trial court raising one issue. We find this issue to be meritless and affirm the order of the trial court.

Nuno has an extensive history of motor vehicle code violations. His operating privilege has been suspended or revoked continuously since 1981. Following Nuno's third major violation, all of which were unrelated to driving under the influence, he received notification that his operating privilege would be revoked for a period of five years, effective December 12, 1984. This revocation was to run consecutive to Nuno's previous periods of revocation. On August 25, 1984, Nuno was charged with Driving Under the Influence and he refused to submit to a chemical test of his breath. Consequently, on September 13, 1984, he received notice that his operating privilege would be suspended for an additional year, effective January 12, 1990. He was found guilty of Driving Under the Influence for the August 25, 1984 incident and he received notice on April 18, 1986 that his operating privilege would be revoked for another two years, effective January 12, 1991, for this violation. On August 8, 1987, he was stopped by a police officer and charged with a traffic signal violation, Driving Under the Influence and Driving While Under Suspension, D.U.I. Related. Nuno was found guilty of violating Driving While Operating Privilege is Suspended or Revoked, D.U.I. Related, and was sentenced to ninety days in jail.

Nuno's sole issue is one of first impression for this court. He admits that at the time of his arrest on August 8, 1987, his operating privilege was revoked. He argues, however, that it was revoked under the five year revocation that

began to run on December 12, 1984 which was not D.U.I. related. Accordingly, his operating privilege revocation and suspension for D.U.I. offenses would not begin to run until January 12, 1990. Because his operating privilege was revoked from 1984 to 1989 for non–D.U.I. related offenses, he argues, the trial court erred in finding him guilty of Driving While Under Suspension, D.U.I. Related.

75 Pa.C.S.A. § 1543(b) reads:

Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal (to submit to chemical testing)) or 3731 shall, upon conviction be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

Before a person can be convicted under § 1543(b) they must receive actual notice that their operating privilege has been revoked or suspended for a D.U.I. related offense. *Commonwealth v. Gamble,* 376 Pa.Super. 590, 546 A.2d 681 (1988). Nuno admits that he has received actual notice of his D.U.I. related suspension and revocation. He merely argues that this suspension and revocation has not yet begun to run and that he will not be able to violate § 1543(b) until January 12, 1990, when his D.U.I. related suspension and revocation do begin to run.

We find this argument to be completely untenable. Nuno has put together an unbroken string of operating privilege suspensions and revocations which began in 1981 and will last well into the next decade. He has shown total disregard for the regulations of the Department of Motor Vehicles as well as the laws of the Commonwealth. For eight years he has been stripped of his operating privilege yet he continues to use the roads of the Commonwealth,

oblivious to his ever increasing list of suspensions and revocations. We will not reward such behavior by adopting Nuno's argument today. To do so would allow him to escape punishment for driving while suspended, D.U.I. related, simply because he has incurred prior suspensions and revocations that must run before his D.U.I. suspension and revocation even begin.

We hold that when a person receives notice that their operating privilege is or will be suspended or revoked for a D.U.I. related offense, that person is subject to the penalties of § 1543(b). That person will be subject to the penalties of § 1543(b) throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their D.U.I. related suspension or revocation.

Order of the trial court affirmed. Jurisdiction relinquished.