**Commonwealth v. Wireman**

*Roy A. Keefer, district attorney,* for the common-wealth.

*Jeffrey M. Cook,* for defendant.

KUHN, *J.,* April 11, 1990 — This case involves, to our knowledge, an issue of first impression in this commonwealth on the application of section 1543(b) of the Vehicle Code, 75 Pa.C.S. §1543(b). On January 18, 1990, defendant appeared before the undersigned to tender a plea of guilty to a violation of section 1543, with the court to determine whether subsection (a) or (b) was applicable.

The record reveals that on June 23, 1988, defendant was placed on the accelerated rehabilitative disposition program as a result of being charged with driving under the influence, 75 Pa.C.S. §3731, on February 3, 1988. As a condition of ARD, defendant's driving privileges were suspended for five months.

On February 16, 1989, defendant was convicted of driving under suspension (DUI-related), 75 Pa.C.S. §1543(b), as a result of an incident occurring on September 9, 1988, while his license was suspended as part of his ARD program. On March 14, 1989, the Department of Transportation suspended defendant's driving privileges for one year as a result of the February 16, 1989 conviction.

On October 20, 1989, defendant's participation in the ARD program was revoked. He thereafter entered a plea of guilty to the February 3, 1988 DUI charge. Later, on October 20, 1989, defendant was caught driving again and charged with driving under suspension (DUI-related). It is this charge which is now before the court.

We further note that defendant's license has not been restored to him since June 23, 1988.

On March 12, 1990, the undersigned concluded,

on the basis of *Commonwealth v. Nuno*, 385 Pa. Super. 6, 559 A.2d 949 (1989), that defendant was guilty of violating section 1543(b) of the Vehicle Code on October 20, 1989. The mandatory sentence was imposed.

The subsequent procedural history appears confusing but, at all times, was intended by defendant to preserve his right to have the court reconsider its March 12, 1990 decision. The confusion arose because there was no time given between deciding the case on its merits on March 12, 1990, and the sentencing imposed immediately thereafter for defendant to file what would, in essence, be post-verdict motions.

On March 19, 1990 defendant filed a motion in arrest of judgment and request for supersedeas of sentence. The motions were denied for procedural purposes. In retrospect, we may have erred in that regard because no decision on the merits of the applicable subsection was made until March 12, 1990. On March 22, 1990, defendant filed a motion to modify or vacate sentence which was denied on March 29, 1990. Defendant orally requested a reconsideration. We immediately heard oral argument, rather than delay the matter, because an appeal had been filed on March 26, 1990. Essentially, we take this opportunity to allow consideration of defendant's motion in arrest of judgment and his motion to modify or vacate sentence.

Defendant argues that he should only be found guilty of section 1543(a) for driving while his privileges were suspended pursuant to the action taken by DOT on March 14, 1989, which was not DUI-related. He contends that section 1543(b) is not applicable because, when he drove on October 20, 1989, he had not yet received actual notice of the DUI-related suspension which would arise out of

his guilty plea and sentence entered earlier in the day. We agree with defendant that if he did not have actual notice that his license was suspended for a DUI-related offense, section 1543(b) is not applicable, *Commonwealth v. Gamble*, 376 Pa. Super. 590, 546 A.2d 681 (1988). The commonwealth suggests that defendant had notice.

Section 1543(b) of the Vehicle Code provides, in part:

"(b) *Certain offenses* — Any person who drives a motor vehicle on any highway or trafficway of this commonwealth at a time when their [sic] operating privilege is suspended as a condition of acceptance of accelerated rehabilitative disposition for violation of section 3731 (relating to driving under influence of alcohol or controlled substance) . . . because of a violation of section . . . 3731 shall, upon conviction be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days."

Initially, defendant was not driving under the ARD suspension on October 20, 1989, because that suspension expired on November 23, 1988. Furthermore, the suspension in effect from March 14, 1989, was imposed under section 1543(c) for violating section 1543(b) and is not one of the enumerated convictions which triggers section 1543(b).

Defendant argues that actual notice of the imposition of a DUI-related suspension can only come from two sources: (1) DOT or (2) through surrender of license pursuant to section 1540. First, defendant received no notice[*] from DOT that he was sus-

---

[*] Section 1540(b) provides that " . . . upon the suspension . . . of the operating privilege of any person by the department, the department shall forthwith notify such person in writing . . . to surrender his driver's license to the department for the term of suspension . . . The suspension . . . shall be effective upon a date determined by the

pended for a DUI-related offense when he drove on October 20, 1989. Second, he had no license to surrender to the court or the district attorney on October 20, 1989, to make section 1540(a) applicable. Section 1540(a) provides, in part, that:

"Upon a conviction . . . for any offense which calls for mandatory suspension in accordance with section 1532 . . . the court or the district attorney shall require the surrender of any driver's license then held by the defendant and shall forward the driver's license . . . to the department. The suspension . . . shall be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or district attorney, whichever shall first occur."

Section 3731 is an offense calling for a mandatory suspension in accordance with section 1532. 75 Pa.C.S. §1532(b)(3). Absent written notice from DOT or possession of a license to surrender on October 20, 1989, defendant contends that section 1543(b) is inapplicable.

The commonwealth relies upon *Commonwealth v. Nuno, supra.* There the court held that:

"When a person *receives notice* that their operating privilege *is or will be suspended* or revoked for a DUI-related offense, that person is subject to the penalties of section 1543(b). That person will be subject to the penalties of section 1543(b) throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their DUI-related suspension or revocation." (emphasis supplied)

What notice is sufficient to advise one that he

---

department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first . . . "

"will be suspended" for a DUI-related offense? The commonwealth suggests that when the court advised defendant, during his DUI plea colloquy on October 20, 1989, that his operating privileges would be suspended for 12 months upon conviction, such notice constituted actual notice sufficient to satisfy *Nuno*. However, upon reconsideration we conclude that the commonwealth, as did the undersigned originally, reads more in *Nuno* than was intended by the Superior Court panel. The facts in *Nuno* are significantly distinguishable from the case sub judice in that Mr. Nuno, while under suspension for non-DUI-related matters, received written notice from DOT on September 13, 1984, that a DUI suspension would commence on January 12, 1990. On August 8, 1987, he drove and was convicted under section 1543(b). Therefore, unlike defendant, Mr. Nuno was notified in writing by DOT that a suspension was in effect on a date certain, albeit in the future.

We acknowledge that when a police officer or a court notifies defendant that he is suspended, such notice constitutes actual notice sufficient to sustain a charge of driving under suspension. *Commonwealth v. Concannon,* 28 Adams Leg. J. 127 (1986). However, in such cases, DOT has already suspended the privileges but the written notice had not yet been served on the offender. Here, the court was not advising defendant that a suspension notice had been issued, only that a suspension by DOT would follow his DUI conviction. The distinction is significant.

In the alternative, the commonwealth tries to apply the requirements of section 1540(a) to this situation. It argues that if defendant possessed a license on October 20, 1989, that license would have been surrendered pursuant to section 1540(a)

and the DUI-related suspension would have begun immediately thereafter. However, continues the commonwealth, just because defendant's license was then being held by DOT, he should not be allowed to escape the penalty of section 1543(b). The logic of this argument is persuasive, however, the statutory authority is lacking. Neither section 1540, nor any other provision of the Vehicle Code, provides that a DUI-related suspension becomes effective immediately upon conviction if the offender's license is being held by DOT. To conclude otherwise would violate the applicable principles of statutory construction. 1 Pa.C.S. §§1921(b) and 1928(b)(1).

Therefore, upon reconsideration of our earlier decision, we conclude that defendant has, fortuitously (from his perspective), "fallen through the cracks" of the Vehicle Code. We find that our earlier sentence must be vacated and a finding of guilt be entered under section 1543(a) only.

Accordingly, we enter the attached

## ORDER OF COURT

And now, April 11, 1990, defendant's motion to vacate sentence filed March 29, 1990, is granted. Sentence entered March 12, 1990, is vacated and reversed. Defendant's motion in arrest of judgment is granted. The undersigned finds defendant guilty of section 1543(a) of the Vehicle Code.

Defendant is directed to appear for sentencing on April 25, 1990, at 9:00 a.m., courtroom no. 2.