## Commonwealth v. Guyer

*Jaime M. Keating, assistant district attorney*, for the Commonwealth.

*G. Patrick O'Connor*, for defendant.

BAYLEY, *J.*, July 7, 1994—Defendant, Elmer Guyer, was stopped by Upper Allen Township police officer Michael McLaughlin, while driving on U.S. Route 15 on September 28, 1993. Officer McLaughlin issued a citation to defendant for operating a motor vehicle while under suspension, D.U.I.-related, in violation of the Vehicle Code at 75 Pa.C.S. §1543(b). Defendant had been convicted on December 8, 1992 of operating a motor vehicle while under the influence of alcohol on February 8, 1992. As a result of that conviction, the Department of Transportation took the following action as shown in its certified driving record of defendant:

VIOLATION DATE:     Feb. 08, 1992
VIOLATION:     Vehicle Code:
     3731 Major Violation
DESCRIPTION:     Driving Under Influence
CONVICTION DATE:     Dec. 08, 1992

ACTION:                         Habitual Offender Revo.
                                for 2 year(s)
                                Effective Sep. 22, 2002
                                Official Notice Mailed
                                Dec. 24, 1992

The driving record of defendant further shows that he has not had an operator's license since it was received by the department on December 5, 1986. As a result of a July 17, 1989 conviction for operating without a license in violation of section 1501(a) of the Vehicle Code, the department revoked defendant's operating privilege as a habitual offender for five years effective September 22, 1989. Three subsequent non-DUI related violations resulted in three additional two year habitual offender revocations which in total resulted in the revocation of defendant's operating privilege until September 22, 2002. It is on that date that the additional two year habitual offender revocation becomes effective for the offense of driving under the influence that defendant committed on February 8, 1992.

Citing the Fayette County case of *Commonwealth v. Sherry*, 44 D.&C.3d 663 (1986), defendant maintains that he cannot now be convicted of violating section 1543(b) of the Vehicle Code because the revocation of his license for driving under the influence has been deferred by the department until September 22, 2002. Section 1543(b) of the Vehicle Code provides:

"*Certain offenses.*—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension

for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days."

Subsequent to the Fayette County decision of *Commonwealth v. Sherry, supra,* the Superior Court of Pennsylvania decided *Commonwealth v. Nuno,* 385 Pa. Super. 6, 559 A.2d 949 (1989), an opinion not brought to the court's attention by defense counsel. In *Nuno,* appellant was convicted of violating section 1543(b) of the Vehicle Code. His operating privilege had been suspended or revoked continuously since 1981. He received a five year habitual offender revocation effective December 12, 1984, for three major offenses, none of which were driving under the influence related. On August 25, 1984, he refused to submit to a breath test of his blood alcohol content after being arrested for driving under the influence. For that conduct, the department, on September 13, 1984, suspended his operating privilege for one year, effective January 12, 1990. On August 25, 1984, he pled guilty to the underlying driving under the influence offense. Based on that offense, the department on April 18, 1986, suspended his operating privilege for another two years, effective January 12, 1991. On August 8, 1987, he was charged with driving under suspension, DUI related, in violation of section 1543(b) of the Vehicle Code, for which he was found guilty. On appeal to the Superior Court, appellant noted that when he operated a motor vehicle on August 8, 1987, his operating privilege was revoked as of December 12, 1984 for five years as a habitual offender for a non-DUI related offense. Therefore, because his one year suspension for having refused to take a breath test upon being arrested for driving under the influence was not effective until January 12,

1990, and his two year suspension for having been convicted of driving under the influence was not effective until January 12, 1991, he maintained that he could not be convicted of violating section 1543(b) of the Vehicle Code. The Superior Court upheld the conviction, stating:

"We find this argument to be completely untenable. Nuno has put together an unbroken string of operating privilege suspensions and revocations which began in 1981 and will last well into the next decade. He has shown total disregard for the regulations of the Department of Motor Vehicles as well as the laws of the Commonwealth. For eight years he has been stripped of his operating privilege yet he continues to use the roads of the Commonwealth, oblivious to his ever increasing list of suspensions and revocations. We will not reward such behavior by adopting Nuno's argument today. To do so would allow him to escape punishment for driving while suspended, DUI related, simply because he has incurred prior suspensions and revocations that must run before his DUI suspension and revocation even begin.

"*We hold that when a person receives notice that their operating privilege is or will be suspended or revoked for a DUI related offense, that person is subject to the penalties of section 1543(b). That person will be subject to the penalties of section 1543(b) throughout any current suspension or revocation and any subsequent suspension or revocations until the end of their DUI related suspension or revocation.*" (emphasis added) *Id.* at 8-9, 559 A.2d at 950-51.

The holding in *Commonwealth v. Nuno, supra,* is on point. In accord is *Commonwealth v. Yetsick,* 402 Pa. Super. 615, 587 A.2d 788 (1991), and the unpublished opinion of this court in *Commonwealth v. Mc-*

*Gowan* (filed September 1, 1992 at 1261 criminal 1992). Therefore, defendant violated section 1543(b) of the Vehicle Code when he operated a motor vehicle on September 28, 1993.

## VERDICT

And now, July 7, 1994, I find defendant guilty of driving under suspension, DUI related, in violation of section 1543(b) of the Vehicle Code. Defendant is ordered to appear for sentencing at 1:30 p.m., Tuesday, July 19, 1994, in courtroom number 2.