# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karyn Elizabeth Withers,                      :
                                              :
                        Appellant             :
                                              :
            v.                                :     No. 2202 C.D. 2015
                                              :     Submitted:  April 29, 2016
Commonwealth of Pennsylvania,                 :
Department of Transportation,                 :
Bureau of Driver Licensing                    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED:  August 4, 2016**

            This matter is an appeal from an order of the Court of Common Pleas
of Centre County (trial court) denying the appeal of Karyn Elizabeth Withers
(Withers) from a two-year revocation of her driver's license imposed by the
Department of Transportation, Bureau of Driver Licensing (Department) under
Section 1543(c)(2) of the Vehicle Code[1] for driving while her operating privilege
was under revocation.  We affirm.

            On July 27, 2007, Withers was convicted of driving under the
influence of alcohol (DUI) in violation of 75 Pa. C.S. § 3802(c) (driving under
influence of alcohol or controlled substance—highest rate of alcohol) on
September 2, 2006.   (Record Item (R. Item) 10, Commonwealth Ex. 1,

---

[1] 75 Pa. C.S. § 1543(c)(2).

Supplemental Reproduced Record (Supp. R.R.) at 19b.) The Department imposed an 18-month suspension of her operating privilege in accordance with 75 Pa. C.S. § 3804(e)(2)(ii), effective November 9, 2007, the date that she surrendered her driver's license. (*Id.*, Supp. R.R. at 17b, 19b.) On September 25, 2007, Withers was convicted of an additional violation of 75 Pa. C.S. § 3802(c) for a DUI that occurred on June 29, 2007. (*Id.*, Supp. R.R. at 17b.) Because Withers also had a 2003 Accelerated Rehabilitative Disposition (ARD) DUI and therefore had three ARDs or convictions for DUI committed within a five-year period, the Department mailed Withers a notice of revocation on January 22, 2008, imposing a five-year revocation of her operating privilege as a habitual offender for that conviction in accordance with 75 Pa. C.S. § 1542. (*Id.*, Supp. R.R. at 15b-16b, 19b.) This notice stated that "[y]ou have been designated as a habitual offender because this is your third major violation within a five year period" and that "[y]our driving privilege is REVOKED for a period of 5 YEAR(S) effective 05/09/2009 at 12:01 a.m.," when Withers' 18-month suspension for her July 27, 2007 DUI conviction ended. (*Id.*, Supp. R.R. at 15b) (emphasis omitted).

On October 7, 2008, Withers was convicted of violating 75 Pa. C.S. § 1543 for driving while her operating privilege was suspended or revoked on September 5, 2008. (R. Item 10, Commonwealth Ex. 1, Supp. R.R. at 13b-14b.) Section 1543(c) of the Vehicle Code requires that upon receipt of a certified record of a conviction for driving while operating privilege are suspended or revoked,

> the department shall suspend or revoke that person's operating privilege as follows:
>
> (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period.

2

> (2) If the department's records show that the person was under revocation on the date of violation, and had not been restored, the department shall revoke the person's operating privilege for an additional two-year period.

75 Pa. C.S. § 1543(c).

On October 14, 2008, the Department mailed Withers a notice imposing a one-year suspension of her operating privilege for her October 7, 2008 conviction, effective May 9, 2014, when her five-year revocation ended. (R. Item 10, Commonwealth Ex. 1, Supp. R.R. at 11b-12b.) Before the expiration of her five-year revocation and that one-year suspension for her 2008 conviction, Withers was again convicted, on April 16, 2012, of driving while her operating privilege was suspended or revoked. (*Id.*, Supp. R.R. at 7b-8b.) By notice mailed on April 25, 2012, the Department imposed an additional two-year revocation of Withers' operating privilege, effective May 9, 2015, extending the suspension and revocations of her operating privilege to May 2017. (*Id.*, Supp. R.R. at 5b-6b.)

In 2015, while Withers' operating privilege remained under revocation, the Department concluded that Section 1543(c) required that it impose a two-year revocation rather than a one-year suspension for her 2008 conviction because it was for a violation that occurred after the January 22, 2008 notice of revocation was issued. (R. Item 10, Commonwealth Ex. 1, Supp. R.R. at 4b.) Accordingly, the Department, on June 18, 2015, mailed Withers a notice of revocation, changing her one-year suspension for the 2008 conviction to a two-year revocation, effective May 9, 2014. (*Id.*, Supp. R.R. at 9b-10b.) The Department on the same date also mailed her an additional notice concerning the two-year revocation for her 2012 conviction, correspondingly changing the effective date of that revocation to May 9, 2016. (*Id.*, Supp. R.R. at 2b-3b.)

3

Withers filed a timely appeal to the trial court from the June 18, 2015 two-year revocation of her license for the 2008 conviction. At the *de novo* hearing held by the trial court, the Department introduced in evidence a certified copy of Withers' driver's license record, showing her convictions and license suspensions and revocations. (R. Item 10, Hearing Transcript (H.T.) at 3-4, 10, Reproduced Record (R.R.) at 4-5, 11; R. Item 10, Commonwealth Ex. 1, Supp. R.R. at 1b-22b.) Withers did not testify or introduce any evidence at the hearing and did not dispute the accuracy of her driver's license record or the facts concerning her convictions, suspensions, and revocations. Rather, Withers only disputed the legal validity of the two-year revocation under those facts. (R. Item 10, H.T. at 4-7, R.R. at 5-8.) The trial court rejected Withers' arguments and dismissed her appeal. This appeal followed.[2]

The only argument asserted by Withers in this appeal is the contention that her license was under suspension, not revocation, on September 5, 2008 when she violated Section 1543 of the Vehicle Code, and that the applicable loss of her license was therefore the one-year suspension that the Department originally imposed under Section 1543(c)(1) for driving under a suspended license, not the two-year revocation provided by Section 1543(c)(2).[3] We do not agree. The

---

[2] This Court's review of a trial court order in an appeal from a license revocation is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Cesare v. Department of Transportation, Bureau of Driver Licensing*, 16 A.3d 545, 548 n.6 (Pa. Cmwlth. 2011).

[3] Withers also contended at the trial court hearing that the Department's delay in changing the suspension to a revocation invalidated the revocation (R. Item 10, H.T. at 5-6, R.R. at 6-7), but does not argue that issue in this Court. Moreover, as the trial court correctly concluded (R. Item 9, Trial Court Opinion at 1-2), such an argument would be without merit. To set aside a license suspension or revocation based on delay, the licensee must show not only an unreasonable delay by the Department, but that she was prejudiced by that delay. *Cesare*, 16 A.3d at 548-50 (42-month delay in re-imposing license revocation not grounds to set aside revocation where licensee **(Footnote continued on next page…)**

Department issued its five-year revocation of Withers' operating privilege as a habitual offender on January 22, 2008, well before Withers' September 5, 2008 violation. The January 22, 2008 notice of revocation made final determinations that Withers was a habitual offender under Section 1542 of the Vehicle Code requiring revocation of her license, 75 Pa. C.S. § 1542, and that her license was revoked, and specifically stated that it was an "**Official Notification of the Revocation** of your Driving Privilege." (R. Item 10, Commonwealth Ex. 1, Supp. R.R. at 15b-16b) (emphasis in original). Withers did not dispute that she received that notice of revocation in January 2008. The revocation was therefore in effect as of January 2008 for purposes of determining the penalties for violation of Section 1543 of the Vehicle Code, and Withers' license was under revocation at the time she committed her September 5, 2008 violation. *Commonwealth v. Jenner*, 681 A.2d 1266, 1270-74 (Pa. 1996); *Commonwealth v. Harden*, 103 A.3d 107, 112 (Pa. Super. 2014); *Commonwealth v. Nuno*, 559 A.2d 949, 950-51 (Pa. Super. 1989).

Withers argues that her license was not revoked until May 9, 2009, after her violation, because the Department's notice also stated that the effective date of the revocation was May 9, 2009. This effective date, however, does not toll the revocation. *Jenner*, 681 A.2d at 1270. Rather, where, as here the licensee is under a pre-existing suspension or revocation because of other violations, the

---

**(continued…)**

did not show prejudice). While the more than six-year delay in issuing the revocation would appear to be unreasonable, Withers did not show any prejudice from that delay. No change in the status of Withers' driving privilege occurred before the Department acted, as her license was revoked until 2017 as a result of her 2012 conviction, and Withers introduced no evidence that she took any action in reliance on the Department's imposition of a one-year suspension rather than a two-year revocation.

5

effective date set forth in the Department's notice of an additional revocation or suspension is simply a statement of how the consecutive time periods of loss of driver's license are applied under Section 1544 of the Vehicle Code to determine when the licensee may obtain restoration of driving privileges. 75 Pa. C.S. § 1544(b)-(d) (requiring that the Department add subsequent suspension and revocation periods to the end of an existing suspension or revocation); *Jenner*, 681 A.2d at 1270, 1274. In *Jenner*, our Supreme Court held that

> suspensions or revocations are not tolled until preceding earlier suspensions expire, since such an interpretation would allow a suspended or revoked driver to avoid the enhanced penalties at issue. To phrase this in another way, two or more suspensions or revocations are not to be imposed consecutively or seriatim to each suspension, but subsequent suspensions or revocations simply extend the length of the time the license is to be suspended or revoked.

681 A.2d at 1270.

The courts of this Commonwealth have consistently held that a driver is subject to enhanced penalties required by Section 1543 from the date that she receives notice of the revocation or suspension on which the penalty is based, notwithstanding a later effective date setting the suspension or revocation to begin at the end of existing revocations and suspensions. *Jenner*, 681 A.2d at 1270-74 (drivers who had received notice of DUI-related suspension before driving on suspended license were subject to enhanced sentencing under Section 1543(b) for driving under DUI-related suspension despite delayed effective dates of the DUI-related suspensions that were after their violations due to prior non-DUI suspensions); *Harden*, 103 A.3d at 112 (same); *Nuno*, 559 A.2d at 950-51 (driver who had received notice of DUI-related suspension before Section 1543 violation was properly found guilty of driving under DUI-related suspension under 75 Pa.

6

C.S. § 1543(b) even though suspension's effective date was after violation due to prior non-DUI revocation of defendant's license). Exempting drivers of the consequences of a revocation until a delayed effective date under Section 1544 would reward drivers who have committed repeated, serious Vehicle Code violations by allowing them to use prior suspensions to avoid the penalties imposed by the legislature for their conduct. *Jenner*, 681 A.2d at 1270, 1273; *Nuno*, 559 A.2d at 950-51. As the Supreme Court explained in *Jenner*, basing the penalty for violation of Section 1543 on the effective date, rather than date of the suspension or revocation notice,

> would create the absurd result of allowing drivers … to avoid the enhanced consequences of continuing to drive until some point in the future simply because they have flagrantly disregarded the Motor Vehicle Code in the past. In construing statutes, we assume that the legislature did not intend an absurd result. 1 Pa. C.S. § 1922(1).

681 A.2d at 1273.

*Jenner*, *Harden*, and *Nuno* were criminal cases involving the enhanced sentencing provisions of Section 1543(b) of the Vehicle Code for driving while under a DUI-related suspension or revocation, rather than the enhanced revocation penalty under Section 1543(c). That difference does not, however, make the reasoning of those decisions any less applicable here. The fundamental issue is the same, whether an enhanced penalty may be imposed where the suspension or revocation on which it is based was issued before the driver's violation but had a delayed effective date under Section 1544 solely because of the driver's past violations and suspensions or revocations. The statutory language on which these decisions are based is not materially different than the language of Section 1543(c). *Compare Jenner*, 681 A.2d at 1268 n.3, 1270 (imposing

7

enhanced penalty where violation occurs "at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731") (emphasis supplied) *and Nuno*, 559 A.2d at 950 (same) *with* 75 Pa. C.S. § 1543(c) ("[i]f the department's records show that the person was under revocation on the date of violation, and had not been restored") (emphasis supplied).[4]

Withers attempts to distinguish this case law on the grounds that licensees should be entitled to rely on the Department's statement of the effective date of a revocation and that her revocation was imposed under a different statutory provision. Neither of these contentions has merit. There is no evidence that Withers relied on or was in any way misled by the effective date in the Department's notice. Indeed, she did not testify or introduce any evidence at the *de novo* hearing. There is therefore nothing in this record that distinguishes her from the defendants in *Jenner*, *Harden*, and *Nuno*. Moreover, the Department's January 22, 2008 notice of revocation could not possibly mislead Withers to believe that she could drive before the stated effective date without suffering

---

[4] Subsequent to the defendants' convictions in *Jenner* and *Nuno*, the legislature amended Section 1543 to add Section 1543(b)(2), specifically providing that the enhanced criminal penalty is applicable where the DUI-related suspension or revocation has been imposed prior the violation, regardless of whether the effective date is deferred under Section 1544. *Jenner*, 681 A.2d at 1272 n.11; *see also* 75 Pa. C.S. § 1543(b)(2). The Supreme Court held, however, that this amendment did not change the law in effect prior to its enactment and based its analysis on the language of Section 1543(b) prior to the amendment. *Jenner*, 681 A.2d at 1270-74 & n.11. While *Harden* was decided after enactment of Section 1543(b)(2), the court rejected the defendant's argument that he was not subject to the enhanced penalty as frivolous based on the language of Section 1543(b)(1), "at a time when the person's operating privilege is suspended or revoked," and *Jenner* and *Nuno*, rather than Section 1543(b)(2). 103 A.3d at 111-12.

consequences more serious than this two-year revocation of her license. The Department's revocation notice made clear that "[t]his revocation is in addition to any other suspension already on your record," and Withers was still under a DUI suspension at the time of her September 2008 violation. (R. Item 10, Commonwealth Ex. 1, Supp. R.R. at 15a, 19a.) She was therefore subject to imprisonment under Section 1543(b) of the Vehicle Code if she drove a motor vehicle in September 2008, regardless of when the revocation was in effect. 75 Pa. C.S. § 1543(b)(1).

Nor are *Jenner*, *Harden*, and *Nuno* distinguishable on the grounds that the 2008 revocation of her license was under a different section of the Vehicle Code. While the DUI-related suspensions in those cases were under Section 1540(a) of the Vehicle Code, governing mandatory license suspension upon conviction of certain offenses, and Withers' license was revoked under Section 1542, governing habitual offenders, that difference is immaterial. The delayed effective date here was due to Section 1544, requiring consecutive application of suspensions and revocations, the same statutory provision at issue in *Jenner*, *Harden*, and *Nuno*. Moreover, to the extent that the Court relied on Section 1540(a) in *Jenner* in holding that the DUI-related suspensions were in effect, Withers was equally required to surrender her license under Section 1540(a) at the time of conviction on which the revocation was based and, like the defendants in *Jenner*, had already surrendered her license before the revocation notice.

Because the Department gave notice to Withers of the revocation of her license in January 2008, her license was under revocation under Section 1543(c)(2) at the time of her September 2008 violation. *See Jenner*, 681 A.2d at 1273-74; *Harden*, 103 A.3d at 112; *Nuno*, 559 A.2d at 950-51. Accordingly, we

9

affirm the order of the trial court upholding the Department's imposition of a two-year license revocation for that violation.

_____

JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karyn Elizabeth Withers, : 
                                 : 
                 Appellant : 
                                 : 
                 v. : No. 2202 C.D. 2015
                                 : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 
                                 : 

## O R D E R

AND NOW, this 4th day of August, 2016, the order of October 9, 2015 of the Court of Common Pleas of Centre County in the above-captioned case is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge