J-S61015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL CHURCHRAY, JR., | |
| Appellant | No. 496 EDA 2018 |

Appeal from the Judgment of Sentence Entered January 31, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006083-2017

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 05, 2018**

Appellant, Samuel Churchray, Jr., appeals from the judgment of sentence of 3 to 23 months' incarceration, imposed after he was convicted of the vehicular crimes of habitual offenders, 75 Pa.C.S. § 6503.1, and driving while operating privilege is suspended or revoked, 75 Pa.C.S. § 1543(b)(1). Appellant solely challenges the sufficiency of the evidence to sustain his habitual offenders conviction.  After careful review, we affirm.

The trial court summarized the pertinent facts and procedural history of this case, as follows:

> On April 22, 2017, Bensalem Township Police Officer Ryan Kolb responded to a report of suspicious activity at a condemned home located at 4307 Grove Avenue, Bensalem, Bucks County.  N.T.[,] 1/23/18, pp. 36-37.  Officer Kolb observed one vehicle in the driveway of the home, a blue-in-color Ford Festiva hatchback with Nevada license plate 865COU.  ***Id.*** at 37-38.  Inside the home, Officer Kolb encountered [] Appellant and asked for his

identification. *Id.* at 39. Appellant provided Officer Kolb with a Pennsylvania non-driver's identification card that displayed [] Appellant's photograph and eight-digit Operating License Number ("OLN"). *Id.* at 39-40. After he advised Appellant that the building was unsafe and asked him to leave, Officer Kolb observed [] Appellant enter the blue Ford Festiva and drive away on Grove Avenue, a public roadway. *Id.* at 39, 43-44.

Officer Kolb subsequently ran [] Appellant's OLN through the National Crime Information Center database and obtained a copy of [] Appellant's certified driving history from the Pennsylvania Department of Transportation ("PennDOT"). *Id.* The first page of the certified driving history, obtained on October 25, 2017, showed that Appellant's current license status was suspended, revoked, or expired. *Id.* at 48; *see* Ex. C-2. [] Appellant's driving history contained the following relevant violations. On December 20, 2001, Appellant committed a violation under 75 Pa.C.S. § 3731 (codified as amended at 75 Pa.C.S. § 3802 (2003)), and was convicted of Driving under the Influence [(DUI)] on June 28, 2002. *Id.* at 52. On December 29, 2004, Appellant committed a violation under 75 Pa.C.S. § 3802(a)(1), and was convicted of Driving under the Influence on June 22, 2005. *Id.* at 56. On December 18, 2004, Appellant committed a violation under 75 Pa.C.S. § 3743, and was convicted of Accidents Involving Damage to Attended Vehicles or Property on June 22, 2005. *Id.* at 62. Following this conviction, Appellant's license was revoked for five years, effective June 2, 2017, pursuant to the Habitual Offender's statute. Finally, Appellant's license was suspended at the time of the instant offense as a result of a June 22, 2005, conviction for Driving with a Suspended License under 75 Pa.C.S. § 1543(a). This one-year suspension did not begin until June 2, 2016, because of his prior suspensions. *Id.* at 61-62. [] Appellant's certified driving history and all corresponding criminal history records and identifying documents were admitted into evidence. *Id.* at 46, 52-63, 72.

At trial, Appellant testified that no blue Ford Festiva was in the driveway of 4307 Grove Avenue. *Id.* at 129. He further denied that he drove a Ford Festiva on April 22, 2017. *Id.* at 137. The jury heard testimony from witness Peter Imhof, who testified that he picked up [] Appellant in his vehicle from 4307 Grove Avenue shortly after Officer Kolb's arrival. *Id.* at 154-[]56. On rebuttal, Bensalem Township Police Officer Timothy Henehan testified that, on January 20, 2017, he observed [] Appellant

standing near a 1992 Ford Festiva hatchback, blue-in-color, with Nevada License Plate 865COU.  N.T.[,] 1/24/18, pp. 19-21.

After a two-day trial, the jury convicted Appellant under the Habitual Offender's statute, and this [c]ourt found [] Appellant guilty of Driving with a DUI Suspended License.  *Id.* at 65-66.  On January 31, 2018, [the trial court] sentenced Appellant to an aggregate three to 24 months' incarceration.  Appellant filed a timely Notice of Appeal to the Superior Court on February 14, 2018.

Trial Court Opinion (TCO), 4/17/18, at 1-3.

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied.  On April 17, 2018, the court issued a Rule 1925(a) opinion.  Herein, Appellant presents one issue for our review:

A. Whether the Commonwealth failed to establish sufficient evidence to convict Appellant of 75 Pa.C.S. [§] 6503.1 when the date of the traffic offense occurred on April 22, 2017, before Appellant's habitual offenders license revocation became effective on June 2, 2017?

Appellant's Brief at 5.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011).  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.  ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009).  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

- 3 -

Appellant challenges his conviction under section 6503.1, which states:

A habitual offender under section 1542 (relating to revocation of habitual offender's license) who drives a motor vehicle on any highway or trafficway of this Commonwealth while the habitual offender's operating privilege is suspended, revoked or canceled commits a misdemeanor of the second degree.

75 Pa.C.S. § 6503.1.

Appellant contends that the Commonwealth failed to present sufficient evidence to convict him of this crime because, on the date of the offense (April 22, 2017), his license was suspended, but his "five-year period of license revocation … for being deemed a Habitual Offender [under section 1542] did not become effective until June 2, 2017." Appellant's Brief at 11. Appellant claims that "[a] plain reading of the language of [section] 6503.1 supports the interpretation that Appellant can only be convicted for being a Habitual Offender if he drives in the Commonwealth 'while the habitual offender's operating privilege is suspended, revoked or canceled' on or after the effective date of his Habitual Offender license revocation." *Id.* Thus, "[s]ince Appellant was not operating a motor vehicle on or after the effective date of his five-year period of license revocation for being deemed a Habitual Offender[,] the Commonwealth failed to establish sufficient evidence to convict Appellant of [section] 6503.1." *Id.*

In response, the Commonwealth offers several reasons for rejecting Appellant's interpretation of section 6503.1:

First, the Habitual Offenders statute does not state, or even suggest, that a person must be currently serving the habitual offender revocation period to be found guilty of this offense. It

merely requires that the defendant drove a vehicle on the roadway at a time when he qualifies as a "habitual offender" and his license was "suspended, revoked or canceled." **See** 75 Pa.C.S. § 6503.1. The legislature would not have used the language "suspended, revoked or canceled" if the conduct to be punished only started at the effective date of the suspension, as the only penalty for being designated a habitual offender is a 5-year **revocation**. 75 Pa.C.S. § 1542(d). Therefore, should the statute only punish a defendant for driving during the limited period of time that Appellant claims, it would have limited the relevant portion of the statute to "revoked," and not the language actually used of "suspended, revoked or canceled." As properly found by the trial court, "[h]ad the legislature intended to impose Habitual Offender status only after the effective date of a habitual offender driver's license revocation, it would have explicitly said so." [TCO at] 7.

Second, as previously stated, the appellate courts have already rejected similar arguments made, specifically in connection to violations of 75 Pa. C.S. § 1543(b), Driving Under Suspension - DUI related. In **Commonwealth v. Nuno**, 559 A.2d 949 (Pa. Super. 1989), this Court rejected the defendant's argument that he could not be convicted of § 1543(b) because the effective date of the suspension and revocation for this suspension had not yet begun to run. This Court found this argument to be "untenable" and held that "when a person receives notice that their operating privilege is or will be suspended or revoked for a D.U.I. related offense, that person is subject to the penalties of § 1543(b) … throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their D.U.I. related suspension or revocation." **Id.** at 950-[]51.

\*\*\*

Thereafter, in **Commonwealth v. Jenner**, 681 A.2d 1266, 1273-[]74 (Pa. 1996), the Pennsylvania Supreme Court rejected the argument that "the application of the mandatory sentencing provisions of § 1543(b)[,] prior to the effective date on the DUI-related suspension notification[,] fails to give drivers with outstanding non-DUI-related suspensions proper notice that they are subject to the enhanced penalties of the statute prior to the effective date of the DUI-suspension." **Id.** at 1273. Rather, the Court explained:

The purpose of § 1543(b) is to prevent drivers who have been convicted of driving under the influence from operating motor vehicles on the public roads of the Commonwealth by enhancing the penalties for recidivist violators. If we were to accept the argument advanced by [the] appellants, we would be permitting [the] appellants to avoid the mandatory sentencing provisions imposed on drunk drivers for disregarding a suspension of driving privileges simply because [the] appellants have a history of violating the Motor Vehicle Code which has resulted in long term license suspensions which have not expired at the time of their DUI violations or their subsequent violations of the Motor Vehicle Code. [W]e hold that once a driver is notified that his license is suspended as a result of a conviction for driving under the influence[,] he is subject to the enhanced sentencing provisions of § 1543(b) for the duration of any prior periods of suspension or revocation until the completion of the DUI-related suspension. The effective dates provided by the Department of Transportation in such cases are simply for the purpose of determining when the DUI-related suspension is completed.

Further, in *Commonwealth v. Harden*, 103 A.3d 107 (Pa. Super. 2014), the defendant challenged the sufficiency of the evidence for his conviction under § 1543(b), claiming that, on the date of the offense, he was serving a suspension for a non-DUI related suspension and that the DUI-related suspension did not begin until a future date. This Court, relying on the holdings in *Nuno* and *Jenner*[,] rejected the defendant's claim as "frivolous." *Id.* at 112.

Commonwealth's Brief at 12-15. Based on the reading of section 1543(b) in

*Nuno*, *Jenner*, and *Harden*, the Commonwealth urges us to reject

Appellant's contrary interpretation of 6503.1.

The trial court agrees with the Commonwealth. The court explains:

[T]he plain language of [section] 6503.1 requires that the Commonwealth prove each of the following three elements beyond a reasonable doubt: First, that a defendant drove a motor vehicle on a traffic way or highway in the Commonwealth of Pennsylvania; Second, that the defendant was a Habitual Offender as defined under § 1542; and third, that the defendant's license

was suspended, revoked or canceled at the time he was driving the motor vehicle on a traffic way or highway in the Commonwealth. A defendant's Habitual Offender revocation need not occur prior to the date of the instant offense. The plain language of the statute only requires that the defendant's license was suspended, revoked, or cancelled for any reason at the time he drove a motor vehicle in the Commonwealth.

\*\*\*

Appellant's interpretation of the statute would effectively allow a defendant with a significant history of license suspensions to indefinitely evade prosecution under [section] 6503.1. Such an absurd interpretation could not have been the legislature's intent. *In re B.A.M.*, 806 A.2d [893,] 894 (Pa. Super. [] 2002)[] ("[T]he general assembly does not intend a result that is absurd, impossible of execution, or unreasonable.").

TCO at 5-7.

Appellant concedes "that his interpretation of [section] 6503.1 would 'effectively allow a defendant with a significant history of license suspensions' to avoid being charged as a Habitual Offender like in the instant case." Appellant's Brief at 13 (quoting TCO at 7). He contends, however, that "[i]f the trial court's interpretation [of section 6503.1] is correct, and a person of 'ordinary intelligence' is left to guess at whether it is a crime to drive before the effective date of the Habitual Offender license revocation, then [section] 6503.1 should be deemed unconstitutionally void for vagueness." *Id.* at 14. Notably, Appellant did not raise this constitutional challenge to section 6503.1 at trial, or in his Rule 1925(b) statement. Thus, this argument is waived for our review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P.

1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In sum, we agree with the reasoning of the trial court and the Commonwealth, and we reject Appellant's interpretation of section 6503.1. That provision requires proof that the defendant is a habitual offender under section 1542, that he drove a vehicle on a highway or trafficway in this Commonwealth, and that he did so while his license was suspended, revoked or canceled for any reason. This interpretation of section 6503.1 is consistent with a plain reading of the statutory language, as well as the rationale of **Nuno**, **Jenner**, and **Harden**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/18