# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aneta Moriarty :
:
v. : No. 94 C.D. 2020
: Submitted: January 15, 2021
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
Appellant :


BEFORE: HONORABLE P. KEVIN BROBSON, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY PRESIDENT JUDGE BROBSON** **FILED: April 23, 2021**


The Department of Transportation, Bureau of Driver Licensing (Department), appeals from an order of the Court of Common Pleas of Westmoreland County (trial court), dated December 17, 2019. The trial court's order sustained the statutory appeal of Aneta Moriarty (Licensee)[1] of a one-year suspension of her driving privilege, thereby effectively reversing Licensee's license suspension. We now reverse.

On May 24, 2019, Licensee was cited for driving with a suspended license. (Reproduced Record (R.R.) at 4a, 28a.) By notice mailed on July 9, 2019, the

---

[1] By order dated January 14, 2021, the Court precluded Licensee from filing a brief in this matter after failing to comply with this Court's October 22, 2020 order directing her to do so within 14 days.

Department informed Licensee that it would suspend her driving privilege for one year as a result of her July 1, 2019 conviction for violating Section 1543(a) of the Vehicle Code, 75 Pa. C.S. § 1543(a), pertaining to driving while operating privilege is suspended or revoked.[2]  (R.R. at 4a, 28a.)  Licensee timely appealed the Department's notice to the trial court, asserting that the Department erroneously suspended her license.  (R.R. at 3a.)

On December 17, 2019, the trial court conducted a *de novo* hearing on Licensee's appeal.  (R.R. at 11a-24a.)  At the hearing, the Department submitted into evidence three official notices of suspension, conviction detail reports, and Licensee's Certified Driving History.  (R.R. at 26a-48a.)  By notice mailed on March 27, 2019, the Department informed Licensee that her driver's license would be suspended indefinitely, effective April 17, 2019, for her failure to make regular payments on fines, costs, and restitution related to a February 18, 2019 citation.[3]  (R.R. at 39a.)  The notice stated:  "This suspension means that you will not be

---

[2] Section 1543(a) of the Vehicle Code provides, in relevant part:

[A]ny person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

[3] On February 18, 2019, Licensee was cited for failing to obey traffic-control devices pursuant to Section 3111(a) of the Vehicle Code, 75 Pa. C.S. § 3111(a).  (R.R. at 39a.)  Under Section 1533(a) of the Vehicle Code, 75 Pa. C.S. § 1533(a), the Department must suspend the operating privilege of a licensee

who has failed to respond to a citation or summons to appear before an issuing authority or a court of competent jurisdiction of this Commonwealth for any violation of this title, other than parking, or who has failed to pay any fine, costs or restitution imposed by an issuing authority or such courts for violation of this title, other than parking, upon being duly notified by an issuing authority or a court of this Commonwealth.

2

allowed to drive a motor vehicle on or after 04/17/2019 unless you are notified in writing by [the Department] that your driving privilege is restored." (*Id.*)

The Department sent a second notice of suspension to Licensee on May 16, 2019, explaining that her driver's license would be suspended for an additional 15 days, effective May 16, 2019, as a result of her May 8, 2019 conviction for violating Section 3323(b) of the Vehicle Code, 75 Pa. C.S. § 3323(b), pertaining to stop signs and yield signs, on August 26, 2018. (R.R. at 34a.) The notice informed Licensee:

> Instead of assigning points to your driver's license record, Section 1544 of the Vehicle Code[, 75 Pa. C.S. § 1544, pertaining to additional period of revocation or suspension,] requires [the Department] to extend any existing suspension 5 days for each point that would have been assigned to your driver's license record.[4] Therefore, [the Department] is assigning this additional 15[-]DAY[] suspension to your current suspension.
>
> This suspension is in addition to any other suspensions already on your record.

(R.R. at 34a.) The Department submitted an undated letter indicating that Licensee's license had been restored effective May 31, 2019. (R.R. at 33a.) The Department's evidence also included the July 9, 2019 notice of suspension, informing Licensee that her driver's license would be suspended based on the May 24, 2019 citation and

---

[4] Section 1544 of the Vehicle Code provides, in relevant part:

(a) Additional point accumulation.--When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

(b) Additional suspension.--When any person's record shows an additional suspension of the operating privilege assessed during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation for the appropriate period and the person shall be so notified in writing.

resulting July 1, 2019 conviction of violating Section 1543(a) of the Vehicle Code, which notice is the subject of this appeal. (R.R. at 28a.)

At the hearing, Licensee did not present any evidence to rebut the Department's evidence. Instead, Licensee stated that she did not know why she was being charged, but she was not guilty. (R.R. at 12a, 13a.) More specifically, Licensee stated: "I'm not really certain why I was charged to begin with. I have received a number of parking tickets which I'm paying off in installments because I had to go through some hardship due to [the] separation from my husband." (R.R. at 12a.) The trial court explained that the hearing was about Licensee driving with a suspended driver's license, not parking tickets. (R.R. at 12a-13a.)

Licensee then asserted that an employee at the magisterial district judge's office told her that her driving privilege was restored on May 14, 2019, after she set up a payment plan to deal with the costs from her February 18, 2019 citation. (R.R. at 14a.) The employee "explained that there was a temporary two-week [driver's license] suspension because [Licensee] didn't respond to [the] citation in a timely ma[nn]er." (R.R. at 19a.) Licensee further stated: "So I continued driving and going about my daily life. Next thing I know, I'm stopped, and apparently there [were] more driver's license suspensions. I have no idea what they are and what they are for." (R.R. at 17a-18a.)

The trial court judge explained: "[T]he bottom line here is that [the Department] suspended your license for a 15-day period effective May 16, 2019, and Counsel tells me that during that 15-day period, you were then stopped for some matter while you were operating a motor vehicle, that was on the 24th of May." (R.R. at 16a.) Although Licensee said she was unaware of the

4

suspension, she stated that she thought the 15-day suspension started on May 1, 2019. (R.R. at 17a.)

Licensee explained that on May 24, 2019, she was pulled over for having an expired vehicle registration. (R.R. at 20a-21a.) Licensee was unaware that her driver's license was suspended until the officer who pulled her over informed her of the suspension. (*Id*.) Licensee testified that she did not receive the May 16, 2019 notice of suspension until the end of May. (R.R. at 18a, 22a.)

Prior to the adjournment of the proceedings, the trial court judge stated on the record:

> I am going to find that given the effective date of the period of suspension was the same date as the mail date, that was not proper notice given; she did not receive actual notice until after the 24th of May, that is later in the month of May. To send a notice on the date that the suspension is effective doesn't constitute a proper actual notice to the motorist.

(R.R. at 22a-23a.) Thereafter, by order dated December 17, 2019, the trial court sustained Licensee's appeal. (R.R. at 49a; Original Record (O.R.), Item No. 7.)

The Department appealed to this Court. In its statement of errors complained of on appeal, the Department argued that the trial court erred in sustaining Licensee's appeal because Licensee did not offer clear and convincing evidence to rebut the Department's proof that she was convicted of violating Section 1543(a) of the Vehicle Code at a time when her driver's license was already suspended for violating Sections 3111(a) and 3323(b) of the Vehicle Code. The Department further argued that the trial court erred in permitting Licensee to collaterally attack her July 1, 2019 conviction for driving while her operating privilege was suspended on the basis that the notice of the additional 15-day suspension, which was in effect on May 24, 2019, was mailed to Licensee on the same date as the effective date of that suspension,

5

such that Licensee did not have actual notice that her operating privilege was suspended when she was cited on May 24, 2019.

The trial court then issued an order, rather than an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), stating:

> AND NOW, this 25[th] day of February, 2020, after a hearing and argument, and the submission of A Concise Statement of Errors Complained of on Appeal, pursuant to [Rule] 1925(b), this Court determines that it was in error in its original judgement [sic] and requests that the Superior Court reverse and remand for further action by the lower court.[5]

(R.R. at 60a.)

On appeal to this Court,[6] the Department contends that the trial court erred as a matter of law in sustaining Licensee's appeal on the basis that the Department improperly imposed Licensee's suspension for violating Section 3323(b) of the Vehicle Code with an effective date that was the same date as the mail date of the notice of suspension for that conviction. The Department argues, rather, that it met its burden of proof because it presented certification of Licensee's conviction for violating Section 1543(a) of the Vehicle Code at the hearing, and Section 1543(c)(1) of the Vehicle Code requires a one-year suspension for a conviction under

---

[5] We acknowledge the trial court's admission of error and its request for a remand, noting that once the Department filed its notice of appeal, the trial court could not have changed its order. *See* Pa. R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Although it appears that the order was intended to serve as the trial court judge's Pa. R.A.P. 1925(a) opinion, the trial court judge did not explain his reasoning in the order. In any event, the record in this matter is complete, and the Department has fully briefed its issues raised on appeal. In the interest of judicial economy, we will address the merits of the matter.

[6] This Court's scope of review is limited to determining whether the findings of fact are supported by substantial evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Dep't of Transp., Bureau of Driver Licensing v. Grubb*, 618 A.2d 1152, 1153 n.3 (Pa. Cmwlth. 1992).

Section 1543.[7] The Department contends that Licensee did not present any evidence to rebut the Department's evidence that the records supporting the one-year license suspension were accurate. The Department also points out that, at the hearing, Licensee testified that she did not know her operating privilege was under suspension on May 24, 2019, when she was cited for violating Section 1543(a). The Department argues, however, that Licensee is not permitted to collaterally attack her conviction in a license suspension appeal and that the trial court erred by inquiring into the propriety of the second suspension, which Licensee did not appeal, and using that as a basis to sustain the appeal regarding the suspension for violating Section 1543(a). The Department, therefore, claims that the trial court was correct in confessing that it erred.

The Department's burden of proof when it suspends a licensee's operating privilege for one year under Section 1543(c)(1) of the Vehicle Code is to establish that: (1) the Department received a record of conviction for violation of Section 1543(a) of the Vehicle Code; and (2) the Department's records show that the licensee was "under suspension, recall or cancellation on the date of violation, and had not been restored." *Piasecki v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1067, 1070-71 (Pa. Cmwlth. 2010) (quoting *Orndoff v. Dep't of Transp., Bureau of Driver Licensing*, 654 A.2d 1, 2-3 (Pa. Cmwlth. 1994)).

---

[7] Section 1543(c)(1) of the Vehicle Code provides:

(c) Suspension or revocation of operating privilege.--Upon receiving a certified record of the conviction or adjudication of delinquency of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

> (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period.

7

In a license suspension appeal, the only issues reviewed are: (1) whether the licensee was actually convicted, and (2) whether the Department acted in accordance with applicable law in imposing the license suspension. *Piasecki*, 6 A.3d at 1071. Neither the trial court nor this Court may review an underlying conviction, and "'[a] licensee may not collaterally attack an underlying criminal conviction in a civil license suspension proceeding.'" *Id.* (quoting *Commonwealth v. Duffey*, 639 A.2d 1174, 1177 (Pa.), *cert. denied*, 513 U.S. 884 (1994)).

At the hearing in this case, the Department introduced certified records showing that it sent Licensee a notice of suspension on March 27, 2019, informing her that her driving privilege was being suspended indefinitely effective April 17, 2019, pursuant to Section 1533(a) of the Vehicle Code, based on her failure to make payments of fines, costs, and restitution for violating Section 3111 of the Vehicle Code on February 18, 2019. (R.R. at 39a.) The Department also showed that it sent Licensee a notice of suspension on May 16, 2019, explaining that her driver's license was suspended for an additional 15 days, pursuant to Section 1544 of the Vehicle Code, for violating Section 3323(b) of the Vehicle Code on August 26, 2018. (R.R. at 34a.) In addition, the Department showed that Licensee was convicted by a magisterial district judge on July 1, 2019, of violating Section 1543(a) of the Vehicle Code on May 24, 2019. (R.R. at 31a.) Licensee's Certified Driving History, which the Department also submitted into evidence at the hearing, demonstrated that the indefinite suspension effective April 17, 2019, as well as the 15-day suspension effective May 16, 2019, were in effect through the date of Licensee's May 24, 2019 citation for violating Section 1543(a) of the Vehicle Code. (R.R. at 45a-48a.) It was not until May 31, 2019, six days after Licensee was cited, that Licensee's operating privilege

8

was restored. (R.R. at 33a, 46a.) The Department's records, therefore, show that Licensee's driving record required the Department to impose a one-year suspension pursuant to Section 1543(c)(1) of the Vehicle Code.

Once the Department met its *prima facie* burden of demonstrating Licensee's conviction under Section 1543(a) of the Vehicle Code and that her license was in fact under suspension as of the date of the offense, the burden shifted to Licensee to show by "clear and convincing evidence" that the Department's records were incorrect. *Piasecki*, 6 A.3d at 1071. At the hearing, the only evidence offered by Licensee regarding the Section 1543(a) violation was her admission that she was pulled over for an expired registration on May 24, 2019, and her statement that she was not aware that her license was suspended at that time. (R.R. at 17a, 22a.) Licensee also stated that she did not receive the May 16, 2019 notice until the end of May. (R.R. at 18a, 22a.) Such evidence is insufficient to show that Licensee was not convicted on July 1, 2019, for violating Section 1543(a) of the Vehicle Code. As we have previously held, a licensee's unawareness that her license was suspended when she was cited for driving with a suspended license will not satisfy her burden to rebut a suspension under Section 1543(a). *Piasecki*, 6 A.3d at 1071. The trial court's order sustaining Licensee's one-year suspension was thus in error.

Furthermore, the trial court erred in sustaining the appeal based on Licensee's collateral attack on the underlying conviction and, specifically, the alleged lack of notice to Licensee of the May 16, 2019 suspension. Where a licensee has an existing suspension because of other violations, "the effective date set forth in the Department's notice of an additional revocation or suspension is simply a statement of how the consecutive time periods of loss of [a] driver's license are applied under Section 1544 of the Vehicle Code to determine when the" licensee's driving

9

privilege may be restored. *Withers v. Dep't of Transp., Bureau of Driver Licensing*, 144 A.3d 1005, 1009 (Pa. Cmwlth. 2016). The March 27, 2019 notice of suspension informed Licensee that her driver's license was suspended effective April 17, 2019, until she received written notice from the Department that her driving privilege was restored. Licensee was, therefore, on notice that driving after April 17, 2019, would subject her to additional periods of suspension. The trial court's inquiry into the propriety of the additional 15-day suspension was erroneous, even if Licensee did not receive the May 16, 2019 notice of the additional suspension until after its effective date. *See Piasecki*, 6 A.3d at 1071.

Accordingly, the order of the trial court is reversed.

_____
P. KEVIN BROBSON, President Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Aneta Moriarty | : | |
| | : | |
| v. | : | No. 94 C.D. 2020 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

## **O R D E R**

AND NOW, this 23rd day of April, 2021, the order of the Court of Common Pleas of Westmoreland County, dated December 17, 2019, is hereby REVERSED, and the suspension of Aneta Moriarty's operating privilege is REINSTATED.

_____
P. KEVIN BROBSON, President Judge